Jewell J. PETTY, Plaintiff-Appellant,

v.

Floyd Joseph HUBER, Defendant-
Respondent.

No. 31071.

St. Louis Court of Appeals.
Missouri.

Sept. 18, 1962.

Roth & Rathert, Alfred J. Rathert, St. Louis, for plaintiff-appellant.

Emerson & Furtaw, Irvin D. Emerson, Hillsboro, for defendant-respondent.

DOERNER, Commissioner.

By this action plaintiff sought to recover the sum of $792.98 for the damage to his automobile sustained in a collision with defendant's car. Defendant denied liability, pleaded contributory negligence on the part of plaintiff, and counterclaimed for $1,000 for the damage to his car. Plaintiff, in turn, traversed defendant's counterclaim and alleged that defendant had been contributorily negligent. Trial before a court and jury resulted in a verdict against plaintiff on his cause of action, and in favor of defendant in the sum of $400 on his counterclaim. Plaintiff brings this appeal. Defendant did not appear in this court, nor did he favor us with a brief.

The nature of plaintiff's assignments of error make unnecessary an extended statement of fact. The undisputed facts are that the collision occurred on August 6, 1960, about 1:00 P.M., on U. S. Highway 30, an east-west road, about 3.6 miles east of its intersection with Highway M. A restaurant, referred to in the testimony as Dot and Oscar's, is situated at that point on the north side of Highway 30, with a driveway leading from the highway to the restaurant's parking lot. The day in question was clear and sunny, and the asphalt-paved highway was dry. Plaintiff was driving his 1956 Lincoln westwardly. Defendant, operating his 1955 Ford eastwardly, undertook to make a left turn in order to enter upon the driveway, and thereby proceeded into the path of plaintiff's car. The front part of defendant's vehicle was off the north edge of the pavement when the right rear side was struck by the right front half of plaintiff's car.

There was a conflict in the evidence as to the length of road which was visible to one looking eastwardly from the driveway. Plaintiff testified the distance was 400 feet, while defendant stated that a knoll limited the view to 50 or 100 feet. This dispute carried over into a variance in the testimony regarding the relative positions of the cars both at the time they first came into view of each other, and at the time defendant first started to turn to his left.

State Trooper Fletcher, who arrived on the scene after the collision, testified that there were skid marks 45 feet long on the highway, but said that they did not lead up to either car. He was not asked and did not give the location of the skid marks. From the location of the debris he concluded that the point of impact was a couple of feet on the north side of the pavement, and on the north shoulder. He stated that the speed limit in the vicinity of the collision was 65 miles an hour. When he interviewed the respective parties defendant told him: " 'I started to turn in, I didn't quite make it' " and plaintiff said: " 'I seen the man coming up the highway, he had his directional light on and I put my brake on, when he didn't turn I went on and he turned in front of me.' "

Both of plaintiff's assignment of errors relate to two instructions given on behalf of defendants. The first, Instruction D-5, reads as follows:

"The Court instructs the Jury that if you find and believe from the evidence that the collision mentioned and complained of, and the damages to the Defendant, if any, were caused by the negligence of the Plaintiff in any one of the following particulars:

"1. In negligently operating and driving his said automobile at an unnecessary, fast, dangerous, and negligent rate of speed.

"2. In negligently failing when operating and driving his said automobile at time and place to exercise the highest degree of care.

"3. In negligently failing to keep a look out for persons and vehicles at place of collision.

"4. In negligently failing to have his said automobile under such control that it could readily and reasonably be stopped upon the appearance of danger.

"Then you will find the issues in favor of the Defendant in his counterclaim."

As plaintiff points out, mere abstract statements of legal propositions do not make proper verdict-directing instructions, and one which authorizes the jury to return a verdict for a party must require the finding of all essential fact issues necessary to establish the legal proposition on which the right to the verdict is based. Myers v. Buchanan, Mo., 333 S.W. 2d 18; Gaffner v. Alexander, Mo., 331 S.W.2d 622; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872. Not a single essen-

tial fact to support either of the four submissions of negligence is hypothesized in Instruction D–5. It would be difficult to conceive of an instruction which would give a jury a greater roving commission than the one under consideration. It is comprised of mere abstract statements of legal propositions, and under the authorities cited was obviously erroneous.

 Plaintiff also contends that Instruction D–5 is erroneous in that it directed a verdict for defendant on defendant's counterclaim without negativing defendant's contributory negligence, citing Moore v. Ready Mixed Concrete Co., Mo., 329 S. W.2d 14. The weakness in this contention, however, is that while plaintiff pleaded contributory negligence as an affirmative defense to defendant's counterclaim, so far as the record before us shows he did not submit that issue to the jury by an appropriate instruction, and therefore abandoned it. Shepard v. Harris, Mo., 329 S.W. 2d 1; Brooks v. Mock, Mo., 330 S.W.2d 759.

Plaintiff's second and final assignment is that Instruction D–8, given on behalf of defendant, was likewise erroneous and prejudicial as an abstract statement of law in which the jury was given a roving commission to determine what conduct of the plaintiff constituted negligence. The criticized instruction reads:

"The Court instructs the Jury that if you find and believe from the evidence that the conduct of the Plaintiff, if any, was negligence, and that such negligence, if any, contributing or combined, with any negligence on the part of the Defendant, to cause the collision in question, if any, then even though you may find the Defendant was negligent, nevertheless Plaintiff cannot recover, then your verdict must be for the Defendant's upon the cause of action stated in Plaintiff's petition."

Plaintiff's complaint as to this instruction is justified and must be sustained. Paisley v. Kansas City Public Service Co., 351 Mo. 468, 173 S.W.2d 33; Pearrow v. Thompson, 343 Mo. 490, 121 S.W.2d 811.

The judgment should be reversed and the cause remanded for a new trial. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and the cause remanded for a new trial.

ANDERSON, P. J., WOLFE, J., and JAMES D. CLEMENS, Special Judge, concur.