Patricia SMITH, Appellant,

v.

TED OAKLAND SYSTEMS DRIVER
TRAINING, INC., Respondent.

No. 43644.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 8, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied April 15, 1983.

Application to Transfer Denied
May 31, 1983.

Theodore Hoffman, J. Mark Kell, St. Louis, for appellant.

Charles Gray, St. Louis, for respondent.

CRIST, Judge.

Still "very weak" (according to her driving instructor, Mr. Walk) at turning right or left after twenty "very difficult" driving lessons, plaintiff was turning right from a dead stop at a St. Louis intersection when she oversteered the instruction car and headed for the curb. Mr. Walk, his right foot poised over a special dual brake pedal and his left on the hump that divides the front seat's floorboard, stomped on the brake pedal and yelled just as the front wheels hit the curb. Plaintiff, flustered, mashed the accelerator to the floor and froze. The car bucked when its back wheels hit the curb, knocking Walk's foot off the dual brake pedal, and within seconds—with Walk groping for his brake pedal with his right foot and with his left, trying to kick plaintiff's foot off the accelerator—the car hit a large tree head-on, climbing part-way up the trunk.

Plaintiff sustained personal injuries and brought this action in negligence predicated on Walk's failure to stop the car in time to avoid the collision. The defense was contributory negligence. The trial court entered judgment on a jury verdict for defendant and plaintiff appeals, assigning error to Instruction No. 7 whereby defendant claims to have submitted plaintiff's contributory negligence under the doctrine of res ipsa loquitur. We agree the instruction was error, and reverse and remand for a new trial.

The challenged instruction was as follows:

> Your verdict must be for defendant if you believe:
>
> First, plaintiff was the driver of the automobile, and
>
> Second, the automobile left the street and struck a tree, and
>
> Third, from the facts in evidence and reasonable inferences therefrom, you find such occurrence was the direct result of plaintiff's negligence, and
>
> Fourth, such negligence directly caused or contributed to cause any damage plaintiff may have sustained.

 We need not address on general principles the patently doubtful use of res ipsa loquitur to submit negligence as an affirmative defense. Assuming without deciding the doctrine could ever aid the defense, it could not aid this one. To paraphrase *Cantley v. Missouri-Kansas-Texas R. Co.*, 353 Mo. 605, 183 S.W.2d 123, 130 (Mo.1944): the doctrine cannot be invoked where there is a divided responsibility and the accident is due in part to the act of a third party over whom the allegedly negligent party has no control, or where the injuring agency is partly or entirely under the control or management of the party charging negligence. *See also: McGowen v. Tri-County Gas Company,* 483 S.W.2d 1, 4, 5 (Mo.1972). Defendant's partial control or right to the control and management of the instruction car would preclude any submission of plaintiff's negligence under *res ipsa loquitur.*

■ Though Instruction No. 7 required the jury to find that plaintiff was "the driver" of the automobile, the instruction failed to require a finding that plaintiff had *exclusive* control of the automobile, or the right of such control. See: *Cantley v. Missouri-Kansas-Texas R. Co.,* 183 S.W.2d at 130; *Powell v. St. Joseph Ry., Light, Heat & Power Co.,* 336 Mo. 1016, 81 S.W.2d 957, 960 (Mo.1935). In fact, it is questionable whether the evidence would support such a finding.

Judgment vacated and cause remanded for new trial.

CRANDALL, P.J., and REINHARD, J., concur.