**Larry W. NOEL and Cheryl Ann Noel, his wife, Plaintiffs/Appellants,**

**v.**

**ALLSTATE INSURANCE COMPANY, Defendant/Respondent.**

**No. 48647.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Albert C. Lowes and W. Eric Cunningham, Lowes & Drusch, Cape Girardeau, for plaintiffs/appellants.

Paul V. Gilbert, John L. Cook, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for defendant/respondent.

CRIST, Judge.

Appeal from the judgment entered on a jury verdict for defendant insurance company on plaintiffs' claim under the uninsured motorist provisions of their policy. We reverse and remand.

Uninsured motorist, driving an old, substantially modified, pickup truck carrying a load of brush extending several feet beyond the end of the truck, was proceeding south on Route W in Cape Girardeau County. Plaintiff Larry Noel, following uninsured motorist, pulled into the left lane preparing to pass. Uninsured motorist, without signalling, pulled partly into the left lane as though making a left turn. Plaintiff slowed and returned to his lane of travel where he saw uninsured motorist had almost stopped. To avoid hitting him, plaintiff applied his brakes, swerved to the right, went off the road into a ditch, hit a culvert and sustained injuries.

The case, tried before February 1, 1984, was submitted under the rule of contributory negligence. *Gustafson v. Benda,* 661 S.W.2d 11, 15 (Mo. banc 1983). Plaintiffs properly complain about insurance company's *res ispa loquitur* contributory negligence instruction, which read:

> Your verdict must be for Defendant Allstate Insurance Company on Plaintiff Larry Noel's claim for damages if you believe:
>
> First, the automobile driven by Larry Noel left the roadway and collided with a culvert, and
>
> Second, from the facts in evidence and the reasonable inferences therefrom, you find such occurrence was the direct result of Plaintiff Larry Noel's negligence, and
>
> Third, such negligence of Plaintiff Larry Noel directly caused or directly contributed to cause any damage Plaintiff Larry Noel may have sustained.

Submissions of contributory negligence under *res ipsa loquitur* are, at best, "patently doubtful" *Smith v. Ted Oakland Systems Driver Training,* 650 S.W.2d 1, 2 (Mo.App.1983), and should not be used. *Petty v. Huber,* 360 S.W.2d 393, 395 [4]

(Mo.App.1962) (and cases cited therein). Use of the doctrine here was error in that defendant failed to establish the predicates upon which the doctrine is founded. *Swan v. Tygett,* 669 S.W.2d 590, 591–92 [3] (Mo. App.1984).

Because the judgment must be reversed and remanded, we do not consider the remaining points of error as they may not arise on retrial. With reference to those other alleged errors, the parties will have the benefit of the briefs filed herein and may govern themselves accordingly.

The judgment is reversed and the cause is remanded.

DOWD, P.J., and CRANDALL, J., concur.