**Sophia GREEN, Appellant,**

v.

**Richard GREEN, Respondent.**

**No. ED 75746.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 3, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Nadine V. Nunn, St. Louis, for appellant.

Nichael P. Cohan, St. Louis, for respondent.

LAWRENCE G. CRAHAN, Judge.

Sophia Green ("Mother") appeals the judgment denying her motion, as amended by interlineation, to modify the parties' dissolution decree to permit her to move her minor child, Natalie ("Daughter"), out of state and granting, in part, Richard Green's ("Father") cross-motion to grant him primary physical and legal custody of Daughter. We reverse and remand with directions.

The marriage of the parties was dissolved on January 23, 1997. In the decree, the parties were granted joint legal and physical custody of Daughter, born January 5, 1994, and Father was ordered to pay child support. In April 1998, Mother filed a motion to modify the decree to grant her primary physical and legal custody. The motion was amended by interlineation to seek permission for Mother to remove Daughter from the State of Missouri for more than ninety days because Mother intended to move to New York. Father filed a cross-motion to modify seeking primary physical and legal custody of Daughter and requiring Mother to pay child support pursuant to Rule 88.01. In June 1998, Mother filed a motion pendente lite to permit her to remove Daughter to New York pending a final order from the trial court. The trial court permitted Mother to remove the child from the state for a period of two weeks.

At the hearing on the motions, Mother testified that she had moved to New York and obtained employment. At this time, Daughter resided with Father in St. Louis. Mother testified that her income is greater in New York and the New York area offered her greater stability because her family was located there. Mother testified that she rented a home in Far Rockaway, New York which she shared with her mother. Father testified that he believed it would be difficult for him to maintain his relationship with Daughter if she moved to New York.

In its judgment, the trial court found that Mother and Father should continue to exercise joint physical and legal custody but modified the physical custody arrangement. This judgment awarded Mother custody, visitation and residential time in the State of Missouri for reasonable intervals upon notice to Father and temporary custody in Mother's state of residence during enumerated periods throughout the year. Based on the distance between the parties, Father retained custody on all other weekends and weekdays. The costs of transportation, including that of an adult designated to fly with the child until she reached the age of seven, was to be divided equally by the parties. The trial court ordered Mother to pay $250.00 per month for Daughter's support, which the court found to be in accordance with authorized support guidelines.

Our review of this case is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The decision of the trial court must be affirmed unless it is against the weight of the evidence, unsupported by substantial evidence or misstates or misapplies the law. *Id.* at 32. Where there is conflicting evidence, this court defers to the trial court. *Id.* We will affirm the trial court's judgment even if there is evidence which would support a different conclusion. *Carter v. Schilb*, 877 S.W.2d 665, 667 (Mo.App.1994).

Mother raises five points of error. Four complain, in various ways, that the evidence is insufficient to support the trial court's judgment. We find Mother's first point to be dispositive.[1]

Where the custody of a child is at issue, the best interests of the child is the paramount concern. *Riley v. Riley*, 904 S.W.2d 272, 275 (Mo.App.1995). This court has applied the same four factors

---

1. Father's motion to dismiss the appeal or strike appellant's brief for violations of Rule 84.04 is denied.

noted by the trial court when determining the propriety of allowing a parent to remove a child from the state. *Id.* at 276–77; *Maher v. Maher,* 951 S.W.2d 669, 672–73 (Mo.App.1997). Those factors are: (1) the prospective advantage of the move in improving the general quality of life for the custodial parent and child; (2) the integrity of the custodial parent's motives in relocating; (3) the integrity of the non-custodial parent's motives for opposing relocation and the extent to which it is intended to secure a financial advantage with respect to continuing child support; (4) whether there is a realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the non-custodial parent's relationship with the child if relocation is permitted. *Id.* In applying these factors, we must keep in mind that "in our highly mobile society, it is unrealistic to inflexibly confine a custodial parent to a fixed geographical area, if removal to another area for reasons such as change of employment, remarriage, etc., is consistent with the best interest of the minor children." *Riley,* 904 S.W.2d at 276 (citing *In re Marriage of Greene,* 711 S.W.2d 557, 564 (Mo.App.1986)).

Here, the trial court made extensive oral findings on the record regarding the propriety of the proposed relocation. Specifically, the trial court found that the proposed move would improve the general quality of life for both Mother and Daughter. Mother's motive for relocating was found to be sincere and decent.[2] The court found that Mother had no desire to alienate Daughter from Father and that there would be realistic opportunities for visitation which would provide an adequate

basis for preserving or fostering Daughter's relationship with Father if relocation were to be permitted.[3] All of these findings are supported by substantial evidence.

After finding these factors in favor of relocation, however, the trial court advised the parties on the record that relocation would not be permitted because Mother had failed to establish that Father had opposed the move in order to secure a financial advantage with respect to continuing child support. Citing *Carter v. Schilb, supra,* the trial court advised the parties that Missouri Law was very stringent and conservative on the subject of relocation. According to the trial court, absent evidence and a finding that Father was opposing the move to secure a financial advantage with respect to child support, an order authorizing the proposed move would almost certainly be reversed on appeal. We agree with Mother that this was a misdeclaration and misapplication of the law.

■■■ Disputes concerning the relocation of children must be resolved on their particular facts rather than by rigid application of rules. *Effinger v. Effinger,* 913 S.W.2d 909, 912 (Mo.App.1996). All four factors of the test set forth in *Riley* need not favor a particular party. *See Fuchs v. Fuchs,* 887 S.W.2d 414, 417 (Mo.App.1994); *Maher,* 951 S.W.2d at 672–73. Where all or most of the above factors weigh in favor of the custodial parent seeking removal, the trial court's refusal to allow that parent to move may constitute reversible error. *Effinger,* 913 S.W.2d at 912. What is of primary concern is whether and how each factor tends to shed light on the best

2. The evidence indicated that Mother, an immigrant from Jamaica, had moved to St. Louis from New York to marry Father against the advice of her extensive family who resided in the New York area. When the marriage deteriorated, Mother felt she had no familial base of support in the area and her strained relations with Father left her afraid of him. Under these circumstances, the trial court found that her move to New York was understandable and essentially involuntary.

3. Although not specifically noted in its oral findings, the evidence also discloses that Father has three other children in various cities, including the New York area. Thus, approval of the proposed relocation could well facilitate visitation with another of Father's children besides Daughter.

interest of the child given the circumstances of each case. Under the third factor, for example, the fact that a parent is found to be motived to oppose a move in an attempt to obtain a financial advantage with respect to child support may speak volumes about whether it is in the child's best interest to transfer custody to that parent. On the other hand, the absence of such a financial motive sheds little light on the question of whether allowing the move would be advantageous for the child. In light of the fact that the trial court in this case found that three out of the four factors favor Mother and the factor favoring Father does not go to improved conditions for Daughter, we find that the trial court misapplied the law when it denied Mother's motion.

The judgment is reversed and the cause remanded with directions to sustain Mother's motion to relocate with Daughter to the State of New York. The order that Mother pay child support is likewise reversed and Father's child support obligation is reinstated. On remand, the parties should be given the opportunity to agree upon and present a new visitation schedule consistent with Section 452.377.10 RSMo Supp.1998 for approval by the court. Absent such agreement and approval, the trial court shall develop a new schedule for visitation between Father and Daughter which is specific to their circumstances. *See Maher,* 951 S.W.2d at 675–77.

MARY RHODES RUSSELL, C.J., Concurs.

CHARLES B. BLACKMAR, Sr. J., Concurs.