**Laurie (Woods) STOWE, Respondent,**

v.

**Donald Ray SPENCE, Jr., et al.,[1] Appellants.**

**No. SC 82940.**

Supreme Court of Missouri, En Banc.

April 10, 2001.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, for appellants.

Kenneth C. McManaman, Cape Girardeau, for respondent.

---

1. The other appellants are Donald Ray Spence, Sr., and Barbara J. Spence, the paternal grandparents.

PER CURIAM.

Laurie (Woods) Stowe (mother) and Donald Ray Spence, Jr., (father) are the parents of a child born in 1994. Paternity was established and custody was awarded in 1997. On May 20, 1998, father sought to modify the custody of the child. Judgment on the motion to modify was entered on July 28, 1999. Father and his parents appeal. Following opinion by the court of appeals, the case was transferred to this Court. *Mo. Const. article V, section 10.* Because the trial court failed to include in its judgment material required by statute, the judgment is reversed, and the cause is remanded.

Following the 1997 judgment awarding her primary custody of the child, mother decided to relocate to Michigan. Father then filed his motion to modify. While the matter was pending, the General Assembly adopted significant changes in section 452.377,[2] effective August 28, 1998. Subsections 9 and 10 provide:

9. The party seeking to relocate shall have the burden of proving that the proposed relocation is made in good faith and is in the best interest of the child.

10. If relocation is permitted:

(1) The court shall order contact with the nonrelocating party including custody or visitation and telephone access sufficient to assure that the child has frequent, continuing and meaningful contact with the nonrelocating party unless the child's best interest warrants otherwise; and

(2) The court shall specify how the transportation costs will be allocated between the parties and adjust the child support, as appropriate, considering the costs of transportation.

In the judgment under review, the trial court approved the child's relocation to Michigan, where mother has moved. It ordered a modification in custody, awarding mother and father joint physical custody. Periods of visitation were specified. The judgment, however, failed to specify how the transportation costs would be allocated, as required by section 452.377.10.(2).

In this court-tried case, the judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment erroneously applies the law by failing to include the information specified by section 452.377.10.(2).

Prior to the 1998 amendment to section 452.377, the courts approved a relocation if it was in the best interests of the child. The child's best interests were measured by a four-part test set out in *Michel v. Michel*, 834 S.W.2d 773, 777 (Mo.App. 1992). *See also Jones v. Jones*, 903 S.W.2d 277, 282 (Mo.App.1995); *Wild v. Holmes*, 869 S.W.2d 917, 919 (Mo.App. 1994). In lieu of this test, section 452.377 now requires the court to determine that the relocation: (1) is in the best interests of the child, (2) is made in good faith, and (3) if ordered, complies with the requirements of subsection 10. *Michel*'s four-part test is inconsistent with these statutory requirements and shall not be used in determining the child's best interests. On remand, the trial court is instructed to reconsider the case accordingly.

The judgment is reversed, and the case is remanded.

**2.** All statutory citations are to RSMo Supp. 1998.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN, WOLFF and BENTON, JJ., concur.

LAURA DENVIR STITH, J., not participating.