**Barbara Jeanne BRETHORST, Petitioner/Appellant,**

v.

**Jon Matthew BRETHORST, Respondent/Respondent.**

**No. ED 77314.**

Missouri Court of Appeals, Eastern District, Division Two.

May 29, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 19, 2001.

Application for Transfer Denied Aug. 21, 2001.

---

C. Michael Bakewell, St. Louis, MO, for appellant.

Alan W. Cohen, Clayton, MO, for respondent.

CRANDALL, Judge.

Mother, Barbara Jeanne Brethorst, appeals from that part of the trial court's judgment denying her motion to modify the decree of dissolution of her marriage to father, Jon Matthew Brethorst.[1] We affirm.

In February 1996, the trial court entered a decree of dissolution of the parties' marriage. The court awarded mother primary physical custody of the parties' two children, a daughter born November 1990 and a son born March 1994. The court awarded both parties joint legal custody of the children and ordered father to pay child support.

---

1. Father does not appeal from that part of the trial court's judgment denying his motion for change of physical custody of the children to him and for child support.

In December 1998, mother filed a motion to modify the decree to permit her to remove the children from Missouri because she intended to move to Raleigh, North Carolina. Father filed a cross-motion to modify, seeking primary physical custody of the children and an order for mother to pay child support. At the hearing on the motions, mother testified that in March 1999, she moved to Raleigh, North Carolina, because she accepted a promotion with her employer, IBM. She received a raise in her base salary of about 19 percent plus a bonus of 10 to 15 percent. She stated that no positions were available in St. Louis, because IBM was downsizing its office there. She bought a four-bedroom home in North Carolina. Her gentleman friend also moved to North Carolina, but maintained a separate residence. He was self-employed and worked out of his home, managing his money. He and mother did not intend to marry in the near future.

Father testified that for fifteen years, he had been a police officer in a St. Louis County municipality. He lived in a one-bedroom apartment in the basement of a synagogue. Because of father's varied work schedule, his sister helped him care for the children. Father was active in coaching the children's soccer and baseball teams. Both parties testified that prior to mother's move to North Carolina, the visitation schedule worked well and they cooperated in adjusting visitation to accommodate father's work schedule.

The trial court denied father's and mother's motions to modify. The court did not make specific findings of fact and conclusions of law, but did discuss in its judgment its reasons for not permitting the children to move.[2]

2. The judgment is contained in Appendix A.

■ Our review of this case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). On appeal, we do not retry the case, but accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party and disregard contradictory evidence. *Pokrzywinski v. Pokrzywinski*, 8 S.W.3d 222, 223 (Mo.App. E.D.1999). We will affirm the trial court's judgment even if there is evidence that would support a different result. *Carter v. Schilb*, 877 S.W.2d 665, 667 (Mo.App. W.D.1994).

In her first point, mother claims that the trial court erred in failing to apply the four-pronged test enunciated in *Riley v. Riley*, 904 S.W.2d 272 (Mo.App. E.D.1995), to determine the propriety of mother's request to relocate the children. In her second point, mother asserts the trial court erred in failing to make findings specifically related to the fourth factor of the *Riley* test.

■ Disputes concerning the relocation of children must be resolved on their particular facts rather than by rigid application of rules. *Green v. Green*, 26 S.W.3d 325, 328 (Mo.App. E.D.2000). When determining whether to allow a parent to remove children from the state, the paramount concern is the best interests of the children. *Puricelli v. Puricelli*, 969 S.W.2d 289, 296 (Mo.App. E.D.1998). This court previously applied four factors to decide the propriety of the relocation of children by the custodial parent. *See, e.g., Pokrzywinski*, 8 S.W.3d at 225. These four factors were: (1) the prospective advantage of the move in improving the general quality of life for the custodial parent and the children; (2) the integrity of the custodial parent's motives in relocating; (3) the integrity of the non-custodial parent's motives for opposing relocation and

the extent to which it is intended to secure a financial advantage with respect to continuing child support; and (4) whether there is a realistic opportunity for visitation that can provide an adequate basis for preserving and fostering the non-custodial parent's relationship with the children if relocation is permitted. *Riley*, 904 S.W.2d at 277.

*Riley* reiterated and applied the four-pronged test that was first enunciated in *Michel v. Michel*, 834 S.W.2d 773, 777 (Mo.App. S.D.1992). In *Stowe v. Spence*, 41 S.W.3d 468 (Mo. banc 2001), the Missouri Supreme Court expressly rejected the four *Michel* factors as a test for determining whether relocation was in the best interests of the child. The court stated in part:

> Prior to the 1998 amendment to section 452.377, the courts approved a relocation if it was in the best interests of the child. The child's best interests were measured by a four-part test set out in [*Michel* ]. In lieu of this test, section 452.377 now requires the court to determine that the relocation: (1) is in the best interests of the child, (2) is made in good faith, and (3) if ordered, complies with the requirements of subsection 10. *Michel*'s four-part test is inconsistent with these statutory requirements and shall not be used in determining the child's best interests . . . .

In effect, section 452.377, RSMo (2000) has broadened the inquiry in a relocation case to any substantial evidence bearing on the good faith of the custodial parent and/or the best interests of the child. Section 452.377.9. Now, the *Michel* four factors are simply evidence, rather than a test; the statute provides the test. Based on *Stowe*, the four-factor *Riley* test is no longer appropriate and the court did not err in failing to apply that test to the instant action. Mother's first and second points are denied.

In her third point, mother argues that the trial court's refusal to permit relocation was against the weight of the evidence because the evidence established not only that there was a change in circumstances but also that relocation was in the best interests of the children.

■ In a modification proceeding, the court first determines whether a substantial change has occurred in the circumstances of the children or the children's custodian. *Pokrzywinski*, 8 S.W.3d at 224. Next, the court considers whether, in light of the changed circumstances, a modification is necessary to serve the best interests of the children. *Id.* Thus, the court does not consider the best interests of the children unless the court makes the initial determination that a change in circumstances has occurred. Where, as here, the trial court did not make specific findings of fact and conclusions of law, all facts upon which no specific findings have been made should be interpreted as having been found in accordance with the result reached. *Gerecke v. Gerecke*, 954 S.W.2d 665, 668 (Mo.App. S.D.1997). Thus, implicit in the court's finding that it was not in the children's best interests to move is a predetermination of changed circumstances.

We next address mother's assertion that the evidence established that the move was in the best interests of the children. Here, the judgment reflects that the trial court's reasoning conforms to the test set forth in section 452.377, in that the court addressed whether the relocation was in the best interests of the children and was made by mother in good faith. With regard to the good faith factor, the trial court stated as follows:

Each side presented credible and compelling evidence in support of his or her postion on the [relocation], and the real problem is that both parties have substantial merit regarding their respective positions. Each party is a fine, caring and loving parent. The Court is persuaded from the evidence that each parent's motive in advocating or opposing relocation was in total good faith, that each had *bona fide* reasons for the position taken, and that neither party was being arbitrary or unreasonable in the approach being urged.

With regard to the best interests of the children, the trial court weighed the disadvantages of permitting relocation and the interruption of the children's relationship with their father against mother's need to relocate and concluded that it was not in the children's best interests to relocate:

Measured against this advantage [the possibility of an improved quality of life] is the loss the children, if relocated, would necessarily incur in their frequent and consistent contacts throughout the entire year that they now enjoy with their father, who plays and has played a major part in their life, especially in their soccer and baseball activities, and whose family members that also are close to the children all reside in Missouri, as does [Mother's] family.

■ Here, the evidence was that father was actively involved in the children's lives. He coached their soccer and baseball teams, but would be unable to do so if they relocated to North Carolina. His employment as a police officer permitted him to participate in the children's sports and activities, because he was able to take "comp time" to attend their events. If the children moved, he would be denied this *additional time to interact with them.* In addition, under the decree of dissolution, he exercised his visitation on his days off, which consisted of three days off after nine days of work. Although his employment as a police officer resulted in a varied schedule, he and mother cooperated to accommodate his work schedule so that he could exercise his visitation with the children. If the children relocated, there would be less flexibility for their visitation schedule to conform to father's work schedule. For example, many of mother's proposed visitation dates were around the holidays when father would be required to work.

The trial court found that mother acted in good faith in seeking the relocation, but that the move was not in the best interests of the children. There was substantial evidence in the record to support the finding that relocation was not in the children's best interests. Mother's third point is denied.

In her fourth point, mother challenges the trial court's denial of her motion to modify on the basis that section 452.377 is unconstitutional.

■ To preserve a constitutional question for appellate review, a litigant must, among other things, raise the question at the earliest opportunity consistent with good pleading and orderly procedure. *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 224 (Mo. banc 1998). In the instant action, mother admits that she did not raise the constitutional attack in her pleadings, but urges this court to review for manifest injustice or miscarriage of justice. Because mother failed to preserve her constitutional challenge for our review, her fourth point is denied.

The judgment of the trial court is af-

 

firmed.[3]

AHRENS, P.J., and JAMES R. DOWD, J., concur.

---

3. We deny father's motion for attorney's fees pending appeal and motion to strike mother's reply brief.