Charles CULLISON, Appellant,

v.

Tina THIESSEN, Respondent.

No. WD 58699.

Missouri Court of Appeals,
Western District.

July 17, 2001.

Rehearing Denied Aug. 28, 2001.

Allen S. Russell, Jr., Kansas City, for appellant.

Chris Hoberock, Nevada, for respondent.

Before LOWENSTEIN, P.J., ULRICH, J., and HANNA, Senior Judge.

ULRICH, Judge.

Charles Cullison appeals from the judgment of the trial court allowing his ex-wife, Tina Thiessen, to relocate their two minor children with her from Missouri to Ohio where Ms. Thiessen's new husband is employed. Mr. Cullison also appeals the trial court's judgment ordering Mr. Cullison to pay Ms. Thiessen attorney's fees in the amount of $3,500.00 and all transportation expenses for the children's visitation. The trial court's judgment granting Ms. Thiessen permission to relocate the parties' children to Ohio with her is affirmed. The portion of the trial court's judgment ordering Mr. Cullison to pay Ms. Thiessen's attorney's fees is reversed, and the portion of the judgment requiring Mr. Cullison to pay the entire cost of transporting the children from Ohio to Western Missouri to visit their father is affirmed.

## I. Facts

Mr. Cullison and Ms. Thiessen were divorced on April 11, 1988. The court awarded Ms. Thiessen sole custody of the parties two minor children, Elizabeth Joann Cullison and Jonathan Michael Cullison. Mr. Cullison was granted visitation rights, consisting of every other weekend, alternate major holidays, and two separate two-week stays in the summer. In addition, Mr. Cullison was ordered to pay child support in the amount of $200.00 per month per child for the care and support of the minor children.

In July 1997, Ms. Thiessen filed a motion to modify in the Circuit Court of Vernon County seeking an order increasing Mr. Cullison's child support obligation. During the proceedings on the motion, Mr. Cullison requested a reduction in his visitation with his children. On July 24, 1997, the circuit court entered a judgment modifying the visitation and child support obligation ordered in the parties' original divorce decree. The Judgment of Modification reduced Mr. Cullison's visitation with the children from every other weekend to one weekend per month, as proposed by Mr. Cullison. In addition, Mr. Cullison's holiday and summer visitations were eliminated. The Judgment of Modification additionally increased Mr. Cullison's child support obligation to the total sum of $700.00 per month.

In January 1999, Ms. Thiessen notified Mr. Cullison that she wished to relocate with the parties' children to West Minister, Colorado. Mr. Cullison consented to the proposed relocation. Shortly after arriving in West Minister, Ms. Thiessen again

notified Mr. Cullison that she wished to move from West Minister, Colorado to Greeley, Colorado, which relocation would result in a change of schools for the parties' children. Mr. Cullison again did not object to the second relocation. While living in Colorado, Ms. Thiessen drove the parties' children back to Kansas City once a month to allow Mr. Cullison to exercise his visitation with them.

In August 1999, Mr. Cullison filed a motion for a change of custody in the Circuit Court of Jackson County, where he resided. In the motion, Mr. Cullison requested an order transferring physical custody of the minor children to him. In October 1999, Ms. Thiessen moved back to Nevada, Missouri. Upon returning from Colorado, Ms. Thiessen filed a contempt motion and motion to modify with the Vernon County Circuit Court, wherein she requested a court order compelling Mr. Cullison to provide the children with medical insurance.

Mr. Cullison filed an answer to Ms. Thiessen's motions accompanied by a counter-motion to modify requesting an order transferring physical custody of the minor children to Mr. Cullison, an order terminating his child support obligation and requiring Ms. Thiessen to pay child support, an order granting Mr. Cullison the dependency exemptions for the minor children, an order abating Mr. Cullison's child support obligation for the summer of 1999, and an order compelling Ms. Thiessen to satisfy Mr. Cullison's attorney's fees.

While these proceedings were pending, Ms. Thiessen remarried in February 2000. Ms. Thiessen's new husband, Mark Wisecup, relocated to West Union, Ohio to pursue a business endeavor with his family. Ms. Thiessen, accordingly, filed an amended motion to modify on March 20, 2000, requesting a court order permitting her to relocate with the parties' minor children from the State of Missouri to the State of Ohio to be with her new husband. Mr. Cullison filed an answer opposing the proposed relocation on April 21, 2000.

A hearing on the matter was held in the Vernon County Circuit Court on April 26, 2000. At the close of the hearing, the trial court entered judgment modifying the prior decree, which ordered, among other things, that Ms. Thiessen retain physical custody of the parties' children and permitted Ms. Thiessen to relocate the children with her to Ohio. The court further ordered Mr. Cullison to pay Ms. Thiessen's attorney's fees and all expenses incurred in connection with the transportation of the children for visitation purposes. This appeal followed.

## II. Points on Appeal

### A. Relocation

In his first two points on appeal, Mr. Cullison contends that the trial court erred in permitting Ms. Thiessen to relocate the children from the State of Missouri to the State of Ohio. In his first point, Mr. Cullison alleges that the trial court did not correctly apply the law to determine whether the proposed relocation would be in the best interests of the minor children. Specifically, Mr. Cullison asserts that the trial court failed to consider the four factors detailed in *Shaw v. Shaw*, 951 S.W.2d 746 (Mo.App. W.D.1997), and *Sadler v. Favro*, 23 S.W.3d 253 (Mo.App. W.D.2000), in determining whether the relocation was in the children's best interests.

An appellate court must affirm the trial court's judgment in a court tried case unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's judgment is presumed correct, and

Mr. Cullison bears the burden of proving error. *Thomas v. Thomas*, 989 S.W.2d 629, 633 (Mo.App. W.D.1999). The evidence and all reasonable inferences therefrom are viewed in a light most favorable to the prevailing party and all evidence to the contrary is disregarded. *Pokrzywinski v. Pokrzywinski*, 8 S.W.3d 222, 223 (Mo.App. E.D.1999).

■■■ Disputes concerning the relocation of children must be resolved on their particular facts rather than by rigid application of rule. *Green v. Green*, 26 S.W.3d 325, 328 (Mo.App. E.D.2000). The paramount concern in determining whether to allow a parent to relocate children to a different state is the best interests of the children. *Puricelli v. Puricelli*, 969 S.W.2d 289, 296 (Mo.App. E.D.1998).

Mr. Cullison argues that the trial court failed to apply the four factors that this court has previously held are applicable to the determination of the child's best interests. *See e.g. Shaw*, 951 S.W.2d at 748–49. These four factors include: (1) the prospective advantage of the move in improving the general quality of life for the custodial parent and the children; (2) the integrity of the custodial parent's motives in relocating; (3) the integrity of the non-custodial parent's motives for opposing relocation and the extent to which it is intended to secure a financial advantage with respect to continuing child support; and (4) whether there is a realistic opportunity for visitation that can provide an adequate basis for preserving and fostering the non-custodial parent's relationship with the children if relocation is permitted. *Id.*

*Shaw* reiterated and applied the four-pronged test that was first enunciated in *Michel v. Michel*, 834 S.W.2d 773, 777 (Mo.App. S.D.1992). This test was created prior to the 1998 amendment to section 452.377, when courts approved a relocation if it was simply in the best interests of a child. In *Stowe v. Spence*, 41 S.W.3d 468 (Mo. banc 2001), the Missouri Supreme Court, however, expressly rejected *Michel's* four factors test for determining whether relocation is in the best interests of the child. *Id.* at 469. The Court stated that "[i]n lieu of [the *Michel* ] test, section 452.377 now requires the court to determine that the relocation: (1) is in the best interests of the child, (2) is made in good faith, and (3) if ordered, complies with the requirements of subsection 10." *Id.* The Court further stated that "*Michel's* four-part test is inconsistent with these statutory requirements and shall not be used in determining the child's best interests." *Id.*

Based on *Stowe*, the four factor test, whether espoused by *Shaw* or *Michel*, is no longer appropriate, and the court, therefore, did not err in failing to apply that test to the instant action. Rather, in accordance with section 452.377, the court was required to determine whether the relocation (1) is in the best interests of the children, (2) is made in good faith, and (3) if ordered, complies with the requirements of subsection 10. § 452.377, RSMo 2000; *Stowe*, 41 S.W.3d at 469.

Section 452.375.2 states a number of factors to be considered in making a determination as to what constitutes the child's best interest. *See* § 452.375.2, RSMo 2000. The court's judgment stated that "the Court finds, after considering all relevant evidence and the various factors that the Court should consider in reviewing a relocation request, that the relocation of the children as requested by [Ms. Thiessen] is in the children's best interests."

■■■ The trial court's finding that the relocation is in the children's best interest is supported by substantial evidence in the record. The evidence indicates that Ms.

Thiessen has been the children's primary care giver since birth, and the children enjoy a strong parent-child relationship with their mother. · The children are more comfortable with and desire to continue living in the primary physical custody of Ms. Thiessen. The children have formed a relationship and interact very well with the other members of Ms. Thiessen's household, including their half-brother, Joey, and Ms. Thiessen's new husband, Mr. Wisecup. Ms. Thiessen is willing to provide the children with frequent and meaningful contact with Mr. Cullison, if Mr. Cullison desires such visitation. The children do not have a close bonding relationship with Mr. Cullison, as their visitation with him has been sporadic and inconsistent. The record supports that the children are capable of adjusting to a new home, school and community, which would ultimately provide them a similar community to that which they are accustomed, potentially a better education, and numerous recreational activities. Additionally, upon relocation to Ohio, Ms. Thiessen will have the option to work from her home and, thus, spend more time with her children. The record in this case provides substantial evidence to support the trial court's finding that the relocation is in the children's best interests.

The trial court further stated that Ms. Thiessen's "request for the relocation of the children to the State of Ohio was made in good faith" in conformance with section 452.377.9. Ms. Thiessen testified that she wanted to move to Ohio to be with her husband and to have her family there with her. Nothing in the record indicates that Ms. Thiessen's proposed relocation was made for any reason other than that stated or that the proposed relocation was not made in good faith. The record provides substantial evidence to support the trial court's finding that the proposed relocation was made in good faith.

Accordingly, the evidence in the record and the court's judgment reflect that the trial court's determination conforms to the test mandated in section 452.377.9, in that the court considered and addressed in its judgment whether the relocation was in the best interests of the children and that the proposed relocation decision was made by Ms. Thiessen in good faith. Mr. Cullison's first point is denied.

■ In his second point on appeal, Mr. Cullison asserts that the trial court erred in considering evidence detailing events that occurred prior to the last modification order in whether to permit relocation of the children to Ohio because such evidence is inadmissible in that the trial court is to rely solely upon facts that have arisen since the prior decree. The first reference to these events occurring prior to the last modification came by way of Ms. Thiessen's counsel in her opening statement. Mr. Cullison objected to this reference during opening statement. The objection was overruled. As the trial proceeded, witnesses were examined and testified concerning events and circumstances that occurred prior to the last modification. No objection was made during the presentation of such evidence. Thus, the only objection on the issue was interposed during Ms. Thiessen's opening statement and before the evidence was offered.

■ Objections made in advance of the actual offer of evidence are premature and preserve nothing for review. *Pickett v. Stockard,* 605 S.W.2d 196, 200 (Mo.App. W.D.1980). Mr. Cullison's failure to object further upon the offer of the evidence, likewise, does not preserve any error for review by this court. *Id.* Mr. Cullison's second point is, therefore, denied.

*B. Attorney's Fees and Transportation Expenses*

In his final point on appeal, Mr. Cullison argues that the trial court erred in order-

ing him to pay Ms. Thiessen's attorney's fees in the amount of $3,500.00 and all of the expenses related to the transportation of the children for visitation. He contends that the trial court's award was erroneous in that (1) it was based on an improper determination that Mr. Cullison's opposition to the relocation was made in bad faith, and (2) the attorney's fees award included fees incurred in separate litigation pending in a different county.

■ In order to successfully challenge the trial court's award of attorney's fees on appeal, Mr. Cullison must show that the award is an abuse of discretion. *Patton v. Patton*, 973 S.W.2d 139, 147–48 (Mo.App. W.D.1998). An abuse of discretion is demonstrated by showing that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Thill v. Thill*, 26 S.W.3d 199, 208 (Mo.App. W.D. 2000).

■ Missouri courts apply the "American Rule," which requires that litigants bear the expense of their own attorney's fees. *Waldroup v. Dravenstott*, 972 S.W.2d 364, 370 (Mo.App. W.D.1998). Exceptions to the "American Rule" are recognized, however, that allow a party to recover attorney's fees if (1) a statute allows for their recovery; (2) a contractual provision allows for their recovery; (3) the fees are incurred due to involvement in collateral litigation; or (4) equity demands it. *Id.*

Recovery of attorney's fees in domestic cases is provided for by statute. Section 452.355.1 provides that "the court . . . after considering all relevant factors . . . may order a party to pay a reasonable amount . . . for [the] attorney's fees" incurred by the other party in defending or maintaining any proceeding pursuant to sections 452.300 to 452.415. § 452.355.1, RSMo 2000. While the proceedings in this case were initiated according to the authority

granted by section 452.377, and thereby within the scope of section 452.355.1, the provision of attorney's fees in relocation cases is further limited by section 452.377. Section 452.377.13 provides that "[a]ny party who objects in good faith to the relocation of a child's principal residence shall not be ordered to pay the costs and attorney's fees of the party seeking to relocate." § 452.377.13, RSMo 2000. Thus, if Mr. Cullison opposed the relocation of his children to Ohio in good faith, he cannot be ordered to pay Ms. Thiessen's attorney's fees.

■ Mr. Cullison argues that the trial court erroneously determined that he acted in bad faith in opposing the relocation from Missouri to Ohio. The trial court gave explanation in its judgment for its finding of bad faith. The trial court reasoned that given Mr. Cullison's previous consent allowing the children to relocate to the State of Colorado, his lack of frequency and consistency with respect to his past visitations with the children, his failure to pay the full child support during the summer of 1999, his filing of a separate custody action against Ms. Thiessen in the Circuit Court of Jackson County, and his outright refusal to consent to the relocation to Ohio under any circumstances, Mr. Cullison's opposition to the relocation was not made in good faith.

The trial court's conclusion, that Mr. Cullison opposed the relocation in bad faith, based on the above listed reasons, is unreasonable and not supported by the evidence in the record. While the trial court is correct in its finding that Mr. Cullison had previously consented to allowing the children to relocate to the State of Colorado, to find that because he has already allowed the children to move out of state once in the past that his current opposition to the relocation could only be

motivated by bad faith is not compelling. In fact, the result of the prior relocation of the children to Colorado to which Mr. Cullison had consented reasonably suggests many legitimate reasons for his current opposition to their relocation to Ohio. The relocation to Colorado proved troublesome for the children, most notably Mr. Cullison's daughter. She experienced a decline in her academic performance, and manifested severe emotional problems attendant to the relocation. These problems were remedied upon her return to the State of Missouri.

Mr. Cullison also learned from the prior relocation that visitation with his children was made more difficult by the distance of their relocation. While Ms. Thiessen bore all physical and financial responsibility for transporting the children from Colorado and to Missouri for scheduled visitation, Mr. Cullison realized the effects the journey to Kansas City and back to Colorado had on the children and the quality of his visits. The distance made visitation difficult for both Mr. Cullison and his children. Not only were the weekend visits cut short by the travel time, the children were exhausted after making the trek to Missouri and back to Colorado for visitation with their father.

The distance between Ohio and Western Missouri is approximate to the distance between Western Missouri and mid-Colorado. The children traveled to Missouri from Colorado and back by vehicle driven by Ms. Thiessen. The proposed relocation to Ohio includes the proposal that the children would fly from Ohio to Missouri and back on an airplane, presumably a commercial airplane. This proposed method of transportation, requiring the purchase of airline tickets, imposes greater financial burden upon Mr. Cullison that also presents another consideration for opposing the relocation.

Additionally, the trial court based its finding in part on the idea that because Mr. Cullison lacked frequency and consistency with his past visitation with the children, his opposition to the relocation cannot be in good faith. Mr. Cullison acknowledges that in the past he has not always exercised his right to visitation to the extent possible. The evidence in the record, however, indicates that over the past two years Mr. Cullison has attempted to rebuild a relationship with his children. Since 1997, Mr. Cullison has exercised regular visitation and contact with his children. That Mr. Cullison would like to continue with this visitation but has discovered the difficulties in attempting to exercise his right to visitation when his children live out of state, a substantial distance away, is a reasonable assumption and thus constitutes a good faith reason to oppose their relocation.

The trial court also reasoned that Mr. Cullison's opposition to the relocation was made in bad faith because he failed to pay the full child support amount during the summer of 1999. While a parent's failure to pay child support need not be tolerated and may constitute evidence of a parent's disinterest in his children's wellbeing, the relationship this partial failure to pay bears to Mr. Cullison's motives for opposing the relocation, considering the other circumstances reflecting his interest on his children and their welfare, is *de minimis*.

Likewise, the trial court's reasoning that because Mr. Cullison filed a separate custody action in the Circuit court of Jackson County his opposition to the relocation was made in bad faith is unfounded. Mr. Cullison filed the custody action in Jackson County prior to learning of Ms. Thiessen's desire to relocate to Ohio. The action was filed while Ms. Thiessen and the children were still living in Colorado. Arguably, Mr. Cullison's institution of the custody

action demonstrates his desire to have his children returned to the State of Missouri.

And finally, the trial court reasoned that Mr. Cullison's refusal to consent to the children's relocation to Ohio under any circumstances indicates that Mr. Cullison's opposition is not made in good faith. In addition to the valid reasons for opposing the relocation already stated, a number of other reasons exist for Mr. Cullison's objection to the relocation to Ohio and thus, Mr. Cullison's strenuous opposition to the relocation of his children is reasonable. For example, Mr. Cullison testified that a motivation for his opposition to the relocation was because he believed the children should stay in Missouri where their family is located. The children's grandparents, great-grandparents, and other relatives all live in Missouri and enjoy a relationship with the children. Mr. Cullison's opposition to relocation of the children to Ohio under any circumstances that would jeopardize his children's relationships with both him and the members of their extended family is reasonable.

For the foregoing reasons, the trial court erroneously concluded that Mr. Cullison's opposition to the relocation of the parties' children to Ohio was not made in good faith. Because Mr. Cullison's opposition to the relocation was reasonable under the circumstances presented, despite the trial court's finding that the proposed relocation was made in good faith and in the children's best interest, it was made in good faith, and he cannot be ordered to pay Ms. Thiessen's attorney's fees. § 452.377.13, RSMo 2000. Accordingly, the portion of the trial court's judgment requiring Mr. Cullison to pay Ms. Thiessen's attorney's fees is reversed.

Mr. Cullison argues that the trial court's decision to allocate to him the entire cost of transportation of the children for visitation from Ohio to Western Missouri and back is erroneous because it was also based on the trial court's finding of bad faith. The evidence does not support Mr. Cullison's claim. The trial court reviewed the financial situation and child support obligations of both parties. Based on its analysis the trial court determined Mr. Cullison's child support should be increased. But, rather than modifying Mr. Cullison's child support obligation, the trial court allocated transportation costs to Mr. Cullison in order to make up the deficiency in his child support obligation. Ms. Thiessen does not contest this trial court decision. The trial court's allocation of transportation expenses to Mr. Cullison was not based on its finding of bad faith. The portion of the trial court's judgment compelling Mr. Cullison to pay the entire cost of transporting the children from Ohio to Western Missouri for visitation with their father is affirmed.

LOWENSTEIN, P.J., and HANNA, S.J., concur.