**Brandie L. McDONALD f/k/a Burch, Appellant,**

v.

**Kyle Lon BURCH, Respondent.**

**No. WD 60414.**

Missouri Court of Appeals, Western District.

Nov. 19, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 24, 2002.

M. Corinne Corley, Kansas City, MO, for Appellant.

Keith W. Hicklin, Platte City, MO, for Respondent.

Before BRECKENRIDGE, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Brandie L. McDonald (Mother), as primary physical custodian of the parties' minor children, sought the trial court's approval to relocate to Texas with the children. After finding that Mother's request was not made in good faith and that relocation was not in the children's best interests, the trial court denied her motion.

On appeal, Mother contends the trial court's findings (1) that her request to relocate was not made in good faith and (2) that the requested relocation was not in the children's best interests are "against the weight of the evidence, not supported by substantial evidence, against a clear preponderance of the evidence and an abuse of discretion."

Section 452.377.9[1] dictates that Mother has the burden of proving that her request to relocate is made in good faith and that relocation is in the best interests of the children. Because we find that the trial court did not abuse its discretion in finding that relocation is not in the children's best interests, we affirm.

## Procedural Background

We begin with a brief description of this case's procedural history. The facts presented to the trial court will be developed where necessary in our discussion of Mother's points on appeal.

Mother and Father were married on June 6, 1993. They had two children: a daughter, born November 23, 1993, and a son, born November 8, 1996. Mother filed a petition for dissolution of the parties' marriage in the spring of 2000. They eventually reached a settlement agreement, which was incorporated into the trial court's judgment of dissolution on July 10, 2000. The parties were granted joint legal and physical custody of their children, with Mother as their primary residential custodian and Father receiving reasonable periods of physical custody.

Five months later, Mother married Bryan McDonald, whom she had begun dating during the pendency of the dissolution proceeding.[2] Mother then filed her motion to relocate with the children to her home with Mr. McDonald in Fort Worth, Texas. Father objected to the relocation. Neither party sought to modify the joint custody arrangement.

A two-day trial was held on July 23 and 25, 2001, at which both parties testified and presented character witness testimony and expert witness testimony concerning the effect relocation would have on the children. Ultimately, the trial court denied Mother's motion, finding that Mother failed to prove both that she was acting in good faith in requesting relocation and that relocation was in the children's best interests.

This appeal follows.

## Standard of Review

*Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) governs our review of the trial court's judgment denying Mother's request to relocate under § 452.377; unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law, we must affirm the judgment. *In re S.E.P. v. Petry*, 35 S.W.3d 862, 866–67 (Mo.App. W.D.2001). Because the trial court sits in the best position to judge the witnesses' credibility, sincerity and character, "we must view the evidence and any reasonable inferences drawn therefrom in

---

1. Statutory references are to RSMo 2000.

2. This is Mother's fourth marriage.

the light most favorable to the judgment and disregard all evidence and inferences to the contrary." *Id.* at 867. Thus, we will not disturb the trial court's judgment absent a showing that the welfare of the children requires a different disposition or the judgment is manifestly erroneous. *Weaver v. Kelling,* 53 S.W.3d 610, 613 (Mo.App. W.D.2001).

## Section 452.377: Relocation of Children

■ Section 452.377 governs actions in which a parent proposes to change the principal residence of his or her children for a period of ninety days or more. Section 452.377.9 mandates that "[t]he party seeking to relocate shall have the burden of proving that the proposed relocation is [1] made in good faith *and* [2] is in the best interest of the child[ren]." (Emphasis added.) Use of the conjunctive "and" makes it clear that the parent requesting relocation must meet both burdens. The trial court found that Mother failed to meet her burden on both grounds.

### I. Good Faith

Mother contends that the trial court erred in finding that she had not met her burden in showing that she was acting in good faith in proposing relocation with the children. Although, as discussed below, we need not necessarily address the issue of good faith because we affirm the trial court's judgment that relocation is not in the children's best interests, we nonetheless wish to note the following with regard to the trial court's finding that Mother failed to show that her proposal for relocation was made in good faith.

At the hearing on mother's motion to relocate with the children, Mother testified concerning her desire to relocate to Texas with the children to be with her new husband and near her family. Upon cross-examination by Father's counsel, Mother admitted that in March of 2000, after she had filed her petition for dissolution of her marriage to Father, she had started a relationship with Mr. McDonald, who lived in Texas. Father's counsel questioned Mother concerning her court appearance in April of 2000, in which she stated under oath that she did not have a boyfriend in Texas and did not plan to relocate to Texas. Counsel then handed Mother "Exhibit D," which was a proposed parenting plan that she signed one day after she testified in the dissolution proceeding that she did not intend to relocate. Mother admitted that this proposed parenting plan included a clause allowing for Mother's future relocation to Texas with the children. She explained on redirect that her attorney included the relocation clause in case she would decide to move to Texas because her family is there, but she did not have any intention of relocating at that time. She explained that she removed the relocation clause when Father's objections to relocation became evident.

In finding that Mother's request to relocate was not made in good faith, the trial court appears to have focused to a large degree, if not solely, on Mother's actions in the parties' prior dissolution proceeding. For example, the trial court found that, during the dissolution proceeding, Mother did not enter into the parties' Settlement Agreement and parenting plan in good faith. This was based upon Mother's proposed parenting plan that included a clause allowing her to relocate to Texas even though she had testified one day prior that she did not have a boyfriend in Texas and had no plan to relocate there. While past actions may certainly prove relevant to finding good faith or lack thereof in some circumstances, here, the court focused too heavily on Mother's past actions during the prior dissolution proceedings while seemingly disregarding her

current reasons for requesting relocation. We cannot say from the record that Mother's current request to relocate was not made in good faith.

Nonetheless, because § 452.377.9 places the burden upon Mother to prove *both* that her request is made in good faith *and* that relocation is in the children's best interests, if the trial court was within its discretion in finding that Mother did not meet her burden on at least one of the grounds, then we must affirm the trial court's denial of her relocation request.

## II. Best Interests

■ As this court recently explained, "[d]isputes concerning the relocation of children must be resolved on their particular facts rather than by rigid application of rule. The paramount concern in determining whether to allow a parent to relocate children to a different state is the best interests of the children." *Cullison v. Thiessen*, 51 S.W.3d 508, 511 (Mo.App. W.D.2001) (citations omitted). Pursuant to § 452.375.2:

The court shall determine custody in accordance with the best interests of the child[ren]. The court shall consider all relevant factors including:

(1) The wishes of the child[ren]'s parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child[ren] for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child[ren];

(3) The interaction and interrelationship of the child[ren] with parents, siblings, and any other person who may significantly affect the child[ren]'s best interests;

(4) Which parent is more likely to allow the child[ren] frequent, continuing and meaningful contact with the other parent;

(5) The child[ren]'s adjustment to the child[ren]'s home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child[ren], then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child[ren] and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child[ren]; and

(8) The wishes of child[ren] as to the child[ren]'s custodian.

■ The trial court expressly held that Mother failed to meet her burden in showing that relocation is in the children's best interests. "[B]ecause the trial court is presumed to have acted in the best interests of the children, the trial court's assessment regarding what serves the children's best interests will be affirmed unless this court is firmly convinced that the children's welfare requires some other disposition." *In re S.E.P.*, 35 S.W.3d at 867.

Mother maintains on appeal that, contrary to the trial court's findings, substantial evidence supports a finding that relocation *is* in the children's best interests and urges this court to consider all of the evidence rather than just that in favor of

the trial court's holding. In particular, she highlights facts tending to discredit Father and his family. Her contentions are primarily factual re-arguments of the issues, i.e., why the children being in Texas with her is better for them than remaining in Kansas City with Father. Basically, she argues that the facts could have also supported a trial court's judgment contrary to that rendered. As this court recently explained in *Dixon v. Dixon*, 62 S.W.3d 589, 594 (Mo.App. W.D.2001):

> The *Murphy v. Carron* standard, however, does not stand for the proposition that if "substantial evidence" and the "weight of the evidence" could support an alternative judgment the judgment must be reversed, but rather that only when the judgment rendered is not supported by "substantial evidence" or is "against the weight of the evidence" must the judgment be reversed. Mother's argument that the facts could or might support a conclusion that the motion for relocation was made in good faith [and that relocation is in the children's best interests] does not state a basis for granting relief.

> The true issue to be decided is whether there is substantial evidence to support the judgment rendered and whether that judgment is against the weight of the evidence.

At trial Mother argued that allowing her to move would place the children in a larger home with a stay-at-home mother and allow her and the two children to enjoy the companionship and support of a number of family members, including their maternal grandmother. The children would also be able to spend time on Mother's father's farm with horses and other amenities of country life.

However, after considering all the evidence presented by both parties, the trial court held that Mother did not meet her burden of proving that relocation was in the children's best interests. The trial court's judgment reflects Mother's admission that her half-brother was in jail or prison, serving time for a sexual offense involving a minor who was only nine or ten years old. When asked about the particulars of his offense, Mother testified that she "thought" the minor was one of her half-brother's father's several children. Mother's sister-in-law, Deidra Henson, also testified that her husband (Mother's half-brother) was placed on probation after pleading guilty to the crime, but he was subsequently arrested on a probation violation and was in jail at the time of the hearing. The sister-in-law testified that she and her husband had watched the parties' children before while the parties were still married and with the permission of Father. The sister-in-law also testified that she was living with Mother's mother in Texas, near Mother's and Mr. McDonald's home, while her husband was in jail. If the children move to Texas, they will likely spend a lot of time at their maternal grandmother's house.

Mother attempts to downplay the evidence of her brother's conviction for a sexual offense committed against a minor and the trial court's apparent concern with such fact. For example, she maintains that "[t]he negative factors upon which the trial [court] relied to deny the requested relocation as allegedly being not in the children's best interests are *insignificant* in light of the clear preponderance of the evidence favoring relocation as being in the children's best interests." (Emphasis added.) She also asserts that "[t]o pin denial of relocation on the *speculative potential* that an uncle, who has already spent time with the children by consent of the parties while staying in their marital home, might be of some danger to the children ignores the overwhelming evi-

dence that the move was in the children's best interests." (Emphasis added.) We disagree. The trial court is required by statute to consider all relevant factors concerning the children's best interests. Section 452.375.2(3) specifically mandates that the trial court is to consider "[t]he interaction and interrelationship of the child[ren] with parents, siblings, and any other person who may significantly affect the child[ren]'s best interests." Certainly, even a potential that the children could be repeatedly subjected to a convicted sex offender is a relevant, hardly "insignificant," factor in finding that relocation is not in the children's best interests. Rather, this potentially harmful environment awaiting them in Texas serves as substantial evidence to support the trial court's judgment.

Additional evidence, viewed in a light most favorable to the trial court's judgment, also shows that in Kansas City the children are in a stable, well-adjusted environment. They have constant interaction and are close to Father and Father's family. Father is an active parent who participates in the children's school and other activities. Father does not dispute that Mother is a good parent. However, the evidence showed that she had a history of unstable relationships, as did her mother in Texas. Mother does not deny this fact but points to her change of circumstances since that time. She highlights similar issues with Father's family and his exercise of visitation. These were credibility issues for the trial court to determine. *In re S.E.P.*, 35 S.W.3d at 867.

The evidence also showed that Mother's new husband has changed residences ten times since the age of twenty-one (21) and has had numerous jobs including paintless dent repair, furniture sales, welding supply purchase agent, and bartender. He also operated a carpet store until it "run out of money" and was then sued by creditors. He had not sought employment in the Kansas City area but was sure there were paintless dent repair shops there.

In addition, the children's maternal grandmother in Texas, who Mother admits the children will likely be spending a lot of time with, suffers from alcoholism and has had trouble with prescription drugs. She has been married and divorced three times and has had affairs with three married men.

Having reviewed the evidence in a light most favorable to the trial court's judgment, we hold that the trial court's finding that relocation is not in the children's best interests is supported by substantial evidence and is not against the weight of the evidence. Thus, the trial court did not abuse its discretion in finding that Mother did not meet her burden under § 452.377.9 of showing the relocation is in the children's best interests.

## Conclusion

Section 452.377.9 places the burden of showing *both* that her request for relocation is made in good faith *and* that the relocation is in the children's best interests. Mother has not carried the heavy burden of showing the trial court abused its wide discretion in finding that relocation was not in the children's best interests. Accordingly, she failed to meet one of her burdens under § 452.377.9, so we affirm the trial court's judgment denying her request to relocate.

BRECKENRIDGE, P.J., and HOLLIGER, J., concur.