Leslie Marie SCHLOTMAN, Formerly Leslie Marie Costa, Respondent,

v.

Nathan Matheus COSTA, Appellant.

No. WD 65125.

Missouri Court of Appeals,
Western District.

June 13, 2006.

Abe Shafer, V., Esq., Weston, MO, for appellant.

James D. Farris, Esq., Atchison, KS, for respondent.

Before LOWENSTEIN, P.J., ELLIS and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

The marriage of Nathan Costa ("Father") and Leslie Schlotman ("Mother") was dissolved on June 8, 2004. There were two children born of the marriage: a girl born in December 1996 and a younger sister born in March 2000. Mother and Father shared joint legal and physical custody of the children. Mother was designated as the primary residential custodian. The children were to spend every other weekend, four weeks of their summer vacation and various holidays with Father. Father was also given the "first option of keeping the minor children at all times

when [Mother] is not personally and directly providing child care for said children."

After the dissolution, both parties lived in Weston, Missouri. On August 31, 2004, Mother filed a motion to relocate the children to Omaha, Nebraska. Pursuant to Section 452.377,[1] Father contested the relocation and requested modification of custody if the relocation was approved. In the event the trial court approved the relocation, Father asked that the primary care, custody and control of the children be given to him.

At the hearing on the motion, Mother introduced evidence that her new husband was stationed at OFFIT Air Force Base in Omaha. Mother testified that relocating to Omaha with her new husband would allow her to become a stay-at-home parent.

The trial court entered its judgment allowing Mother to relocate with the two children. Under the judgment, Mother and Father continued to share joint legal and physical custody of the children. The original visitation schedule was not altered and a new parenting plan was not adopted. Father timely filed a motion to amend the judgment, arguing that the trial court failed to include necessary findings. The trial court then issued an amended judgment that included an exhibit containing the best interest factors contained in Section 452.375.2.[2]

## STANDARD OF REVIEW

■ In a court-tried case, an appellate court will affirm the judgment if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Stowe v. Spence*, 41 S.W.3d 468, 469 (Mo. banc 2001); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## WRITTEN FINDINGS

■ In his first two points, Father argues that the trial court failed to make the requisite findings under Sections 452.377 and 452.375 and that the decision to allow

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. Section 452.377.9 requires the party seeking relocation to carry the burden of proving the relocation is being made in good faith and "is in the best interest of the child." Section 452.375.2 identifies the following best interest factors:
 (1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;
 (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;
 (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;
 (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;
 (5) The child's adjustment to the child's home, school, and community;
 (6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and any other child or children for whom the parent has custodial or visitation rights, and the parent or other family or household member who is the victim of domestic violence from any further harm;
 (7) The intention of either parent to relocate the principal residence of the child; and
 (8) The wishes of a child as to the child's custodian.

relocation was against the weight of the evidence. Because the trial court did not make the requisite findings, this court is unable to reach the issue of whether the decision was against the weight of the evidence and the cause is remanded to the trial court for findings on the best interest factors.

 Under Section 452.377, the relocation statute, the trial court must determine whether the proposed relocation is in the best interests of the child, whether the relocation is made in good faith, and if relocation is permitted, whether the relocation complies with the requirements of 452.377.10. Section 452.377; *Stowe v. Spence*, 41 S.W.3d 468, 469 (Mo. banc 2001).

 The ultimate issue here is whether the trial court is required to make written findings if relocation is contested. Generally, in a custody modification case, the trial court is required to make written findings if the parties do not agree on the custodial arrangement. Section 452.375.6; *Speer v. Colon*, 155 S.W.3d 60, 61 (Mo. banc 2005). The trial court is not required to make findings on every best interest factor, but must make written findings on relevant factors as well as on the public policy in Section 452.375.4.[3] *Speer*, 155 S.W.3d at 61–62.

 Even if the parties agree to the same custody designation, if the parties disagree on the residence address of the child or on the parenting plan, these are sub-issues of custody that require the trial court's resolution in the form of written findings. *Buchanan v. Buchanan*, 167 S.W.3d 698, 699 (Mo. banc 2005). Therefore, it is safe to conclude that if relocation is contested, the trial court should be required to make written findings. In this case, Father contested relocation. The parties did not agree on the custodial arrangement, specifically, where the children would reside. Therefore, the trial court should have made written findings on the relevant best interest factors and the public policy of Section 452.375.4. The trial court should have considered whether the relocation was made in good faith, and if ordered, whether the relocation complies with 452.377.10.

Here, the judgment does not contain any findings of fact. In the amended judgment, the trial court incorporated into the judgment "Section 452.375 Summary of Relevant Factors." The incorporated exhibit consisted of a checklist of the best interest factors of 452.375.2. Next to the list of factors were two columns, one for Mother and one for Father. The trial court marked each factor in favor of Mother or Father, presumably depending upon which factor weighed in favor of the particular parent. There was no other discussion on whether the proposed relocation was in the best interests of the children. The findings here do not allow meaningful appellate review. Because the first point is dispositive, the court need not address Father's second point as to whether the decision was against the weight of the

---

**3.** "[I]t is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court shall determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child."

evidence. The case is remanded with instructions to the trial court to issue written findings on the relevant best interest factors of 452.375.2 and the public policy statement of 452.375.4.

### PARENTING PLAN

■ In his third point on appeal, Father argues that the trial court failed to enter a new parenting plan that complied with Section 452.377.10. Father claims that the trial court failed to address contact between the nonrelocating parent and the children and failed to specify how the transportation costs were to be allocated between the parties.

Under 452.377.10, if relocation is permitted:

(1) The court shall order contact with the nonrelocating party including custody or visitation and telephone access sufficient to assure that the child has frequent, continuing and meaningful contact with the nonrelocating party unless the child's best interest warrants otherwise; and

(2) The court shall specify how the transportation costs will be allocated between the parties and adjust the child support, as appropriate, considering the costs of transportation.

The trial court did not adopt a new parenting plan after approving the relocation. The parenting plan that was adopted at the dissolution was incorporated without change into this judgment. Father was to receive the same visitation as when the children lived in Weston. The parenting plan is silent as to transportation costs and failed to specify how the costs were to be allocated between the parties. Father's third point is granted, and we remand to the trial court. The trial court must review the existing visitation schedule to determine the need for modification in light of the relocation and must allocate the added transportation costs caused by the relocation as appropriate. *Baxley v. Jarred,* 91 S.W.3d 192, 207 (Mo.App.2002).

### ATTORNEY FEES

In Point IV, Father argues that the trial court erroneously allocated the costs of the action equally between the parties. Under Section 452.377.13, "[a]ny party who objects in good faith to the relocation of a child's principal residence shall not be ordered to pay the costs and attorney's fees of the party seeking to relocate." Father claims that his objection to relocation was made in good faith and, as such, he should not have to pay Mother's attorney's fees.

■ The decision of the trial court to award attorney's fees is reviewed under an abuse of discretion standard. *Cullison v. Thiessen,* 51 S.W.3d 508, 513 (Mo.App. 2001). The trial court made no finding as to whether Father objected in good faith. In the amended judgment the trial court ordered "[t]hat the costs are equally assessed against the parties." Father was not ordered to pay any of Mother's attorney's fees. His point is without merit.

### Supersedeas Bond

■ In his fifth point on appeal, Father asserts that under Rule 81.09, he was entitled to a stay of the judgment pending appeal and that the trial court erred in refusing to set a supersedeas bond. This point is moot as the children have already been relocated to Omaha, Nebraska. The court declines to explore whether the trial court had an obligation to set a supersedeas bond under Rule 81.09. The appropriate remedy on this issue was not to argue error on appeal, but instead to seek an extraordinary writ when the trial court denied his motion to set the amount of the bond. *See State ex rel. Heckel v. Klein,* 137 Mo. 673, 39 S.W. 272 (1897); *In the*

*Matter of F.C.*, 484 S.W.2d 21, 24 (Mo.App. 1972). Point denied.

## CONCLUSION

The judgment on relocation and adoption of a parenting plan is reversed and remanded to make appropriate findings. The judgment as to fees and the bond is affirmed.

All concur.