

# In the Missouri Court of Appeals
# Eastern District

### DIVISION III

| | | |
|---|---|---|
| WILLIAM MICHAEL HAZELBAKER, | ) | No. ED101048 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Ted Clint House |
| MARIA JENIFREDA HAZELBAKER, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 12, 2014 |

Introduction

Maria J. Hazelbaker ("Mother") appeals from the judgment of the trial court modifying the legal and physical custody provisions of a January 17, 2012 dissolution decree. The decree granted Mother and William M. Hazelbaker ("Father") joint legal and physical custody of their minor child, Jenika ("Child"), and named Father the residential parent. Mother filed a motion seeking sole legal and physical custody of Child, and Father filed a cross-motion to modify seeking to restrict Mother's temporary custody and increase her child support obligations. Following a trial on the motions, the trial court granted Father sole legal custody of Child and modified the parties' physical custody periods as set forth in a new parenting plan. On appeal, Mother argues that the trial court erred in admitting the testimony of Dr. Ann Duncan-Hively

("Dr. Duncan-Hively") because the parties' settlement agreement prohibited Father from calling Dr. Duncan-Hively as a witness in any future proceeding concerning the custody of Child. Mother also asserts the trial court erred by failing to appoint a guardian ad litem ("GAL") because Section 452.423[1] mandates the appointment of a GAL in any proceeding in which abuse or neglect is alleged. The parties' agreement to preclude Dr. Duncan-Hively as a witness is unenforceable. In addition, the circumstances presented by the parties' motions and evidence did not require the appointment of a GAL. Accordingly, we find no error and affirm the judgment of the trial court.[2]

## Factual and Procedural Background

Mother and Father were divorced on January 17, 2012. The parties agreed to a marital settlement agreement, which the trial court approved and incorporated into the dissolution decree. The trial court awarded Mother and Father joint legal and physical custody of Child. Father was named the residential parent and Mother was initially awarded only supervised visitation. The trial court retained jurisdiction for four months, during which time Mother was to seek treatment for her obsessive compulsive disorder with a therapist of her choice and to participate with Father and Child in family therapy with Dr. Duncan-Hively. The order also named Dr. Duncan-Hively as Child's therapist. As the part of their marital settlement agreement, the parties stipulated that "[n]either party nor the minor child shall call Dr. Ann Dell Duncan-Hively as a witness, expert or otherwise, in any future proceedings concerning the custody of the child." The settlement agreement further provided that after three months, Mother would be granted unsupervised visitation and temporary custody under a substituted parenting plan.

---

[1] All statutory references are to RSMo 2000.
[2] Father filed a motion for sanctions pursuant to Rule 84.19 which was taken with the case. Father's motion is denied.

Four months later, on May 14, 2012, the trial court amended the judgment nunc pro tunc. Consistent with the parties' settlement agreement, the trial court granted Mother unsupervised visitation and temporary custody pursuant to a substituted parenting plan. The judgment further ordered that no child support would be paid by either party.

On February 26, 2013, Mother filed a two-count motion to modify. Count I sought a change in custody and Count II requested an award of child support. Mother alleged a substantial continuous change in circumstances that required the judgment be modified. Specifically, Mother alleged the following: Father engages in parental alienation and emotional abuse; Father kidnapped child by taking her out of the country without Mother's knowledge; Father coerces Child into lying and tells Child lies about Mother; Father fails to inform Mother about Child's medical appointments and extracurricular activities; and Father tells Mother's family and friends that Mother sexually molested Child. Mother also requested the court to order an alternative therapist for Child, alleging that Dr. Duncan-Hively did not act impartially and that seeing a different therapist would be in Child's best interests.

On May 10, 2013, Father filed a cross-motion to modify. Father requested that the court award him sole legal custody of Child, restrict Mother's temporary custody periods, and require Mother to pay child support.

A trial was conducted on the parties' motions on July 9, July 10, and August 6, 2013. At trial, Father called Dr. Duncan-Hively as a witness. After Dr. Duncan-Hively answered three questions, Mother objected to allowing testimony from Dr. Duncan-Hively, citing the stipulation in the parties' settlement agreement prohibiting any party from calling Dr. Duncan-Hively as a witness in any future proceeding concerning the custody of Child. The trial court overruled the

3

objection on the ground that the provision excluding Dr. Duncan-Hively as a witness was unenforceable.

The trial court issued its findings of fact, conclusions of law, and judgment on the parties' cross-motions to modify on October 11, 2013. The judgment awarded Father sole legal custody and modified the physical custody schedule pursuant to a new parenting plan. Both parties' requests for child support were denied. On November 7, 2013, Mother filed a motion for a new trial, or in the alternative, to amend the modification judgment. In her motion, Mother asserted that the trial court erred in allowing Dr. Duncan-Hively to testify and in failing to appoint to a GAL.

The trial court did not rule on Mother's post-trial motion within ninety days. Thus, under Rule 81.05(a)(2),[3] Mother's motion was deemed overruled and the judgment became final on February 5, 2013. Mother now appeals.

Points on Appeal

Mother presents two points on appeal. First, Mother asserts that the trial court erred in allowing Dr. Duncan-Hively to testify in the custody modification trial in contravention of the parties' settlement agreement which expressly prohibited Father from calling Dr. Duncan-Hively as a witness in any future proceeding concerning the custody of Child. Second, Mother argues that the trial court erred in failing to appoint a GAL *sua sponte* because Section 452.423.2 mandates the appointment of a GAL in any proceeding in which abuse or neglect is alleged. Mother contends that both parties alleged neglect and abuse in the modification trial and thus appointment of a GAL was required.

---

[3] All rule references are to Mo. Sup. Ct. R. (2013).

4

## Standards of Review

In a court-tried case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and permissible inferences drawn therefrom in the light most favorable to the judgment. Hightower v. Myers, 304 S.W.3d 727, 732 (Mo. banc 2010). We give even more deference to the trial court's judgment in a custody matter than in other matters. Id.

We review a trial court's decision to appoint a GAL for an abuse of discretion. Soehlke v. Soehlke, 398 S.W.3d 10, 16 (Mo. banc 2013). An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Giddens v. Kansas City S. Ry. Co., 29 S.W.3d 813, 819 (Mo. banc 2000).

## Discussion

**I.    The trial court did not err in allowing Dr. Duncan-Hively to testify.**

Mother first argues that the trial court erred in allowing Dr. Duncan-Hively to testify in violation of the parties' marital settlement agreement. In support of her argument, Mother maintains that the terms of a separation agreement are binding upon the court unless the court finds that the agreement is unconscionable. At the time of the divorce, the trial court did not find the parties' settlement agreement unconscionable and incorporated the agreement into its dissolution decree. Therefore, Mother reasons, the term prohibiting either party from calling Dr. Duncan-Hively as a witness should have been enforced by the trial court at trial.

Father suggests, *inter alia,* that the provision in the parties' settlement agreement regarding Dr. Duncan-Hively is unenforceable because the provision is contrary to public policy.

5

Father argues that precluding the testimony of Child's therapist runs afoul of the important public policy of resolving child custody issues based upon the best interests of the child. Because the trial court had to determine whether Child's best interests were served by continuing treatment with Dr. Duncan-Hively, Father reasons that Dr. Duncan-Hively's testimony was vital to the case and was properly admitted. We agree.

Missouri law expresses a clear and resolute policy that the trial court has a duty to determine custody in accordance with the best interests of the child. Section 452.375(2). In making this determination, the trial court must consider all relevant factors, including:

> (1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;
> (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;
> (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;
> (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;
> (5) The child's adjustment to the child's home, school, and community;
> (6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. . . .
> (7) The intention of either parent to relocate the principal residence of the child; and
> (8) The wishes of a child as to the child's custodian.

Id. An agreement between or stipulation by the parties does not relieve the trial court of this responsibility. Distler v. Distler, 877 S.W.2d 184, 185 (Mo. App. W.D. 1994). It has long been the law in this state that provisions contained within a marital settlement agreement regarding the custody, support, and visitation of minor children are not binding on the trial court, and cannot act to preclude or limit the court's authority regarding those provisions in the dissolution decree. Williams v. Cole, 590 S.W.2d 908, 911 (Mo. banc 1979). Missouri law is premised upon the public policy that "[c]ustody of infants cannot be bartered and traded as goods in the

6

marketplace, so as to foreclose a judicial determination as to the present welfare and best interests of the child." Matter of W--- K--- M---, 537 S.W.2d 183, 186 (Mo. App. K.C. 1976). Rather, "the welfare of the child is and must be the prime and overriding consideration and the rights and claims of the parents are and must be of secondary importance." Id. at 185.

Applying these principles to the parties' marital settlement agreement, we reject Mother's argument that the provision of the separation agreement precluding Dr. Duncan-Hively as witness in a child custody proceeding is enforceable. An agreement that purports to contract away a future right to present relevant evidence bearing on the question of the child's best interests is contrary to the well-recognized and vital public policy of protecting the child's best interests in a child custody case. See Soehlke, 398 S.W.3d at 15. Here, the testimony of Dr. Duncan-Hively had heightened significance in determining the best interests of Child because Dr. Duncan-Hively was Child's treating psychologist for over a year and a half before the custody modification trial. The trial court specifically found that "[t]he only competent testimony relating to the mental health and wellbeing of the minor child was given by Dr. Duncan-Hively." Additionally, Mother alleged in her motion to modify that Dr. Duncan-Hively acted impartially in her therapy, and therefore requested the trial court to order a change in Child's therapist. It is difficult to understand how the trial court could consider whether a change in therapist would serve the best interests of Child without the benefit of Dr. Duncan-Hively's testimony regarding her treatment of Child.

Because the provision in the parties' settlement agreement regarding Dr. Duncan-Hively is unenforceable as contrary to public policy given the facts of this case, the trial court did not err in allowing Dr. Duncan-Hively to testify at the modification trial. Mother's first point is denied.

7

**II.     The trial court was not required to appoint a GAL.**

In her second point on appeal, Mother asserts that the trial court erred in failing to

appoint a GAL under Section 452.423.  That statute provides, in pertinent part:

> 1. In all proceedings for child custody or for dissolution of marriage or legal
> separation where custody, visitation, or support of a child is a contested issue, the
> court may appoint a guardian ad litem....
> 2. The court ***shall appoint a guardian ad litem in any proceeding in which child
> abuse or neglect is alleged***.

Section 452.423 (emphasis added).  Importantly, the appointment of a GAL is mandatory only

when allegations of child abuse or neglect are raised in one or both parties' pleadings.  Rombach

v. Rombach, 867 S.W.2d 500, 503 (Mo. banc 1993).  However, because of the importance of

protecting children from abuse or neglect, when sufficient evidence is offered at trial that, if

believed, shows actual abuse or neglect occurred, the court should order the pleadings amended

to conform to the evidence and appoint a GAL pursuant to Section 452.423.2.  Soehlke, 398 at

15.  As noted by the Supreme Court, the provisions of Section 452.423.2 are intended to serve

only the child's best interests.  Therefore:

> when an appellant seeks a new trial based on a claim that the trial court erred in
> applying section 452.423.2, Rule 84.13(b) prohibits the appellate court from
> granting a new trial unless the appellant clearly demonstrates both that the result
> of the trial court's failure to appoint a guardian was that the child's interest was not
> adequately protected at trial, and that this resulted in the trial court imposing
> modifications that were not in the child's best interest.

Id. at 15-16.

Accordingly, we analyze Mother's second point on appeal by determining whether

Child's best interests were not protected given the lack of a GAL.  We note at the onset that

Mother did not object to proceeding to trial in the absence of a GAL; nor did Mother insist upon

the appointment of a GAL at any point during trial.  On appeal, Mother now contends that both

parties raised allegations of abuse in their respective motions to modify, and that such allegations

8

triggered the trial court's duty to appoint a GAL under Section 452.423(2). Mother asserts that the following allegations from her motion to modify constitute allegations of abuse sufficient to trigger the statute: Father engages in parental alienation; Father told Child Mother was trying to poison her; Father coerces Child into lying and tells Child lies about Mother; Father kidnapped Child by taking her out of the country without Mother's consent; and Father told Mother's family and friends that Mother sexually molested the child. Mother further argues that Father alleged that she abused Child during the trial when Father accused Mother of putting Child in potential danger by taking her to a home where Mother was serving as a nurse; leaving Child with irresponsible people; interfering with Child's medical treatment; and when Father expressed general apprehension about leaving Mother alone with Child because "it's always a concern that . . . some of the physical and or possibly even sexual events could reoccur."

Missouri statutes provide no specific definition of "abuse" and "neglect" as those terms are used in Section 452.432.2. As noted by the Soehlke court, final construction of these terms is left to the discretion and judgment of the trial court. Id. at 17. "These courts need no further guidance to be able to distinguish extraordinary allegations that involve real acts of child abuse or neglect from ordinary allegations that—no matter how vitriolic or ad hominem they may be— do not indicate that the child has suffered such harm." Id.

We are not persuaded the trial court abused its discretion by not appointing a GAL in the modification trial. The record before us reveals that neither the motions before the trial court nor the testimony offered at trial allege or describe instances of actual abuse that would cause us to interfere with the trial court's sound discretion in not appointing a GAL for the modification proceedings. Equally important, the record does not support any claim that Child's interest was not adequately protected at trial, or that the lack of a GAL resulted in the trial court imposing

9

custody modifications that were not in Child's best interests. On this point, Mother simply asserts that Dr. Duncan-Hively was not an impartial witness, and an objective third party was necessary to explore conflicting views regarding Child's best interests. Mother's allegations are not sufficient to warrant a new trial.

We hold that the trial court's failure to appoint a GAL was not so arbitrary and unreasonable so as to shock the sense of justice and indicate a lack of careful consideration. See Giddens, 29 S.W.3d at 819. Mother's second point is denied.

Conclusion

For the forgoing reasons, the judgment of the trial court is affirmed.


_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

10