

# Missouri Court of Appeals

## Southern District

### Division One

RALPH FREDERICK SCHROEDER, )
)
    Petitioner- Respondent, )
)
vs. )      No. SD33645
)
TIFFANY ALANIZ SCHROEDER, )    **Filed: September 25, 2015**
)
    Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David C. Dally Circuit Judge

### REVERSED AND REMANDED

Tiffany Alaniz Schroeder ("Mother") appeals from the trial court's judgment modifying the child custody order pertaining to Mother's minor child. Mother raises four points on appeal. For the reasons that follow, we grant Mother's first point and decline to address Mother's remaining points.

### Factual and Procedural Background

Mother's marriage to Ralph Frederick Schroeder ("Father") was dissolved in September 2012. At the time of the dissolution, Father was self-employed in the Joplin area, and Mother worked as a news anchor for a Joplin television

station.  Mother was awarded maintenance on a decreasing schedule.  The dissolution judgment awarded the parties joint legal custody and joint physical custody of the parties' daughter ("Child") who was born during the marriage in 2008.  The child custody order awarded the parties week-on, week-off parenting time in a "repeating two week parenting cycle[.]"  The child custody order further provided that "[i]f the school will permit it both parents' addresses shall be provided for mailing and educational purposes."  Initially, Father was ordered to pay Mother child support in accordance with the presumed child support amount.  The amount of child support was scheduled to increase as Mother's maintenance payments decreased.

Mother's contract with the Joplin television station ended in December 2013.  In October 2013, Mother filed a motion to modify child custody.  Father filed a counter motion to modify and a motion and affidavit to prevent relocation, alleging that a change in residence would not be in Child's best interest.[1]  Father sought to have his home in Joplin designated as Child's residence for educational and mailing purposes.

In December 2013, Mother signed a contract with a television station in Tulsa, Oklahoma and began working in Tulsa in January 2014.

A trial was held on the parties' respective motions to modify in April 2014. The trial court denied Mother's motion to modify but granted Father's motion to

---

[1] Although Father filed a document titled "Motion and Affidavit to Prevent Relocation," our review of the record convinces us no request for relocation pursuant to Section 452.377, RSMo (2000), was ever made.  Rather, the docket entries and the documents in the legal file show Mother filed only a "Motion to Modify."  Although Mother's decision to move was the factual impetus for the motion, the motion, in fact, sought to modify the child custody arrangement as the original judgment designated both parties' addresses as Child's residential address while Mother's proposed parenting plan submitted with her "Motion to Modify" would designate her address as Child's residential address.

modify.[2]  The trial court noted Child "has enjoyed a stable life in the Joplin area during the time following the dissolution and the [c]ourt finds no reason that this cannot continue with the cooperation of the parties."  The trial court then found modification of the child custody order was necessary because of Mother's move to Tulsa and adopted Father's proposed parenting plan.  The trial court did not make specific findings regarding the relevant Section 452.375.6 best interest factors.

Mother filed a timely motion to set aside the decision, amend, reconsider, or for a new trial on August 13, 2014.  In that motion, Mother claimed, among other things, that the trial court erred in failing to make specific findings regarding Child's best interest.  Mother's motion was overruled by the expiration of time, *see* Rule 78.06,[3] and Mother filed her timely notice of appeal on November 13, 2014.

### Standard of Review

"In a custody modification case, the appellate court will affirm if the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law."  ***In re Marriage of Swallows***, 172 S.W.3d 912, 914 (Mo. App. S.D. 2005).[4]  To be preserved for appellate review, however, the lack of findings must be raised in a motion to amend the judgment.  *See* Rule 78.07(c).

---

[2] In the introductory paragraphs of its judgment, the trial court states the hearing was held regarding the "Motion to Modify/Motion to Relocate and Counter Motion to Modify."  Again, our review of the record discloses no filing by Mother captioned "Motion to Relocate" or invoking the principles of Section 452.377, RSMo (2000).

[3] Unless otherwise indicated, all rule references are to Missouri Court Rules (2015).

[4] A failure to enter statutorily required findings is a misapplication of the law.  ***Reis v. Reis***, 105 S.W.3d 514, 515 (Mo. App. E.D. 2003).

## Discussion

In her first point, Mother claims the trial court misapplied the law when it failed to enter written findings regarding the Section 452.375 best interest factors. Mother is correct.

The determination on a motion to modify child custody is governed by Section 452.410, RSMo (2000). That section provides in pertinent part that:

> the court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

§ 452.410.1, RSMo (2000). Mother's point addresses only the second portion of that test, that is, whether the modification was necessary to serve Child's best interest.

With respect to the best interest of the child:

> [i]f the parties have not agreed to a custodial arrangement . . . the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

§ 452.375.6. "Written findings are required by section 452.375.6 if the court must rule on any issue or sub-issue of custody that the parents do not agree upon." *Buchanan v. Buchanan*, 167 S.W.3d 698, 698-99 (Mo. banc 2005). The allocation of parenting time and the designation of the child's address for educational and mailing purposes are sub-issues of custody. *Id.* at 702. Furthermore, the findings regarding the best interest factors must be sufficient to

4

permit meaningful appellate review.  *See **Schlotman v. Costa***, 193 S.W.3d 430, 433 (Mo. App. W.D. 2006).

Here, Mother and Father disagreed over the designation of Child's address for educational and mailing purposes.  Thus, findings regarding the relevant best interest factors were required.  *See **Buchanan***, 167 S.W.3d at 702.  Furthermore, the trial court's notation that Child enjoyed a stable life in Joplin is not a sufficient "finding" to permit meaningful appellate review.  *See **Schlotman***, 193 S.W.3d at 433.  It neither identifies which of the best interest factors were relevant nor provides sufficient detail to determine whether the finding was supported by the evidence adduced at trial.  The trial court misapplied the law when it failed to enter written findings regarding the relevant best interest factors.

As Father notes, the trial court need not make findings on all the best interest factors, but need only make findings regarding the relevant best interest factors.  Here, however, the trial court neither indicated it had considered any of the statutory factors, nor entered any detailed finding relating to these statutory factors.  Nor is this a relocation case.  The judgment in this case is made on the motions to modify filed by both Mother and Father.

Mother's first point is granted.

Our grant of Point I, due to the lack of findings necessary for meaningful appellate review, requires us to reverse the judgment without reaching the merits.  Points II through IV allege other material errors in the judgment. To avoid piecemeal disposition of the overall case, we will not address Mother's other points in this appeal.  *See **Russell v. State***, 597 S.W.2d 694, 698 (Mo.

App. W.D. 1980); ***Carder v. Eaton***, 629 S.W.2d 553, 555 (Mo. App. W.D. 1981). Instead, we will generally remand the case leaving all issues open for reconsideration. *See* ***State ex rel St. Charles County v. Cunningham***, 401 S.W.3d 493, 495 (Mo. banc 2013); ***Welman v. Parker***, 391 S.W.3d 477, 483 (Mo. App. S.D. 2013). On remand, the trial court and the parties will have the benefit of the briefs filed herein with respect to any alleged errors that may require correction. *See* ***Baker v. Whitaker***, 887 S.W.2d 664, 671 (Mo. App. W.D. 1994); ***Noel v. Allstate Ins. Co.***, 693 S.W.2d 163, 164 (Mo. App. E.D. 1985).

## Decision

The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS