**Mark Anthony ABERNATHY, Respondent,**

v.

**Sunny Pastelle COLLINS, Appellant.**

**WD 80329**

Missouri Court of Appeals,
Western District.

Opinion filed: July 18, 2017

Mark A. Abernathy, pro se.

Laura C. Bornstein, for Appellant

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, Karen King Mitchell, Judge and Anthony Rex Gabbert, Judge

## EDWARD R. ARDINI, JR., JUDGE
### Introduction

Sunny P. Collins ("Collins") appeals from the judgment entered in the Circuit Court of Jackson County granting joint physical and joint legal custody of the parties' daughter. Because the trial court failed to make statutorily required findings, we reverse and remand to the trial court.

### Factual and Procedural Background

Collins and Mark A. Abernathy ("Abernathy") began a relationship in 2005 and, in 2009, Collins gave birth to a child. The couple separated in 2012, with Collins maintaining custody of the child. Several years after their separation, an action was brought to determine the paternity of the child. Through this process, Abernathy was declared to be the child's father and ordered to pay child support through the

State of Missouri's Family Support Center. In January of 2016, Abernathy commenced a new action through the filing of a *pro se* Petition for Declaration of Paternity, Custody and/or Support. This petition did not specify the type of relief he sought regarding custody of the child. An amended petition was subsequently filed on his behalf requesting joint legal and joint physical custody of the child with Abernathy's address being designated for educational and mailing purposes. Collins filed a counter petition seeking sole legal and sole physical custody of the child and arguing that Abernathy be awarded no visitation rights. A hearing was held on the matter at which both parties presented evidence. The trial court issued its Judgment and Order of Paternity, Child Custody and Visitation granting joint legal and joint physical custody with Collins's address designated for educational and mailing purposes. While the trial court found evidence of domestic violence in Abernathy's relationship with Collins, it nevertheless concluded that Abernathy "should be in the child's life" and awarded parenting time under a structured schedule that included a supervised "breaking in period." Collins filed a Motion to Amend Judgment and Suggestions in Support that was deemed overruled by operation of Rule 78.06.[1] Collins now appeals.

## Discussion

Collins raises five points on appeal. In her first point, she alleges that the trial court erred in denying her request for the appointment of a guardian *ad litem*, which, she argues, was statutorily required based on allegations that Abernathy had abused the child. Her second point contends that there was not substantial evidence to support the judgment of joint legal custody, in

that the evidence did not demonstrate that Collins and Abernathy share a commonality of beliefs concerning parental decisions or the capacity to function as a parental unit. Her third, fourth, and fifth points assert errors in the judgment regarding a lack of certain statutorily mandated findings. We will consider these points in the order most conducive to review.

## I. Appointment of Guardian *ad Litem*

 Section 452.423.2 states that "[t]he court shall appoint a guardian *ad litem* in any proceeding in which child abuse or neglect is alleged."[2] "The language of section 452.423.2 is plain and unambiguous." *Soehlke v. Soehlke*, 398 S.W.3d 10, 15 (Mo. banc 2013). It mandates the appointment of a guardian "when allegations of child abuse or neglect are raised in one or both parties' pleadings." *Id.* Thus, section 452.432.2 places upon trial courts a duty to "assess the parties' allegations [of abuse] in the context of their case and in the light of the best interest of the child" and determine whether abuse has been sufficiently alleged to warrant the appointment of a guardian *ad litem*. *Id.* at 18. However, the statute provides no definition for the word "abuse" as used in section 452.423.2. *Reno v. Reno*, 461 S.W.3d 860, 863 (Mo. App. W.D. 2015). Instead, the section leaves "the final construction of [the word] to the experience and judgment of Missouri's trial courts." *Id.* at 864 (quoting *Soehlke*, 398 S.W.3d at 17). The Missouri Supreme Court has stated that our "courts need no further guidance to be able to distinguish extraordinary allegations that involve real acts of child abuse or neglect from ordinary allegations that—no matter how vitriolic or ad hominem they may be—do not indicate

---

1. All references are to Missouri Supreme Court Rules (2017) unless otherwise noted.

2. All statutory citations are to the Revised Statutes of Missouri 2000, as supplemented.

that the child has suffered such harm." *Soehlke*, 398 S.W.3d at 18; *compare Von Holten v. Estes*, 512 S.W.3d 759 (Mo. App. W.D. 2017) (Father's pleading which "alleged, among other things, that Mother 'fails to maintain an appropriate and healthy environment for the minor child,' 'inappropriately disciplines the minor child,' 'fails to take adequate steps to assure the child has appropriate medical and dental care,' is 'subject to emotional mood swings and outbursts that do not provide a healthy environment for the minor child to reside in,' 'does not provide sufficient academic assistance to the minor child,' and 'provides poor hygiene habits for the minor child' " was found too vague in nature and lacking in actual harm to the child to sufficiently allege abuse.), *and Hazelbaker v. Hazelbaker*, 475 S.W.3d 143, 148 (Mo. App. E.D. 2014) (Mother's pleadings that Father engaged in parental alienation, told the child that Mother was trying to poison her, coerced the child into lying and lied about Mother to the child, kidnapped the child by taking her out of the country without Mother's consent, and told Mother's family and friends that Mother sexually molested the child did not mandate appointment of a guardian *ad litem*.), *with In Interest of T.G.*, 965 S.W.2d 326 (Mo. App. W.D. 1998) (Court did not err in finding Father had abused child after he shot and killed his wife with a shotgun while she was holding the child resulting in the child becoming injured.). We review a trial court's conclusion as to whether there were sufficient allegations of abuse to mandate the appointment of a guardian *ad litem* for an abuse of discretion. *Estes*, 512 S.W.3d at 769.

The record in this case reveals a strained and dysfunctional relationship between Collins and Abernathy. Collins had accused Abernathy of domestic violence in the past and had sought and received protective orders against him relating to those incidents. Abernathy made no allegation of child abuse or neglect in his amended petition, and Collins's counter petition stated that "[Abernathy] has engaged in a pattern of domestic violence against [her]" but did not assert any claim of abuse against the child. It was not until later in the case, when Collins filed her Motion for Appointment of Guardian *ad Litem*, that she attempted to characterize Abernathy's actions as abuse directed at the child as opposed to domestic violence directed against her. Collins alleged that Abernathy had engaged in child abuse by being physically violent toward her in the presence of the child as well as recounting an incident where Abernathy had come to Collins's home in the middle of the night and smashed windows resulting in both she and the child receiving slight injuries.[3]

 Abernathy's conduct is deeply troubling and the trial court properly found that there was substantial evidence to support a finding that domestic violence against Collins had occurred. However, the specific issue before us is whether the disturbing actions alleged against Abernathy also constituted child abuse of the nature that would mandate the appointment of a guardian *ad litem*. The purpose of section 452.423.2 is "to protect *children* who may have been abused or neglected," not to benefit the parties themselves. *Rombach v. Rombach*, 867 S.W.2d 500, 502

---

**3.** The window breaking incident was included as part of Collins's answer to Abernathy's initial *pro se* petition, but did not expressly argue that it should be considered child abuse and was included along with an accusation that Abernathy had vandalized her car on previous occasions. The incident was likewise referenced in the proposed parenting plan Collins included with her counter petition alongside other instances of domestic violence perpetrated by Abernathy against Collins in the presence of the child.

(Mo. banc 1993) (emphasis added). Thus, section 452.423 may not be used as a mechanism to generate additional support for one side or to cast shade, no matter how well deserved, on the other. If a guardian *ad litem* is to be appointed under 452.423, it must be because of allegations that the *child* has been abused.

█ The sole major incident Collins relies on to demonstrate child abuse, the breaking of windows at her house, occurred in the middle of the night, and there is no support in the record before us to establish Abernathy was able to see any of the occupants of the house, let alone that he was targeting the child. Further, this incident transpired only a month after Collins informed the Kansas City Housing Authority that Abernathy had been lying when he claimed the child was living with him, causing him to lose part of his housing subsidy, and Collins's initial *pro se* answer specifically claimed that Abernathy's actions were him "lashing out" as a result.[4] The remaining incidents Collins's complains of more clearly involve actions by Abernathy that were directed against Collins herself and likewise show no intent on the part of Abernathy to harm the child. In addition, despite the fact that Abernathy testified during the trial, Collins never questioned him regarding any of the incidents alleged in her motion in order to establish his intent.

Based on the foregoing, the trial court's failure to appoint a guardian *ad litem* was not clearly against the logic of the circumstances and cannot be considered so unreasonable and arbitrary so as to shock our sense of justice and indicate a lack of careful deliberate consideration and is therefore not an abuse of discretion. *Dies-*

er v. St. *Anthony's Medical Center*, 498 S.W.3d 419, 434 (Mo. banc 2016).

█ Finally, even if we were to find that the trial court did err in failing to appoint a guardian *ad litem*, Collins has made no attempt to demonstrate that the outcome of the action was materially affected as required by Rule 84.13(b). *Soehlke*, 398 S.W.3d at 16 (citing *Lewis v. Wahl*, 842 S.W.2d 82, 85 (Mo. banc 1992) ("Rule 84.13(b) forbid[s] appellate courts from reversing judgments for errors that do not materially affect the outcome of a case")). The trial court's "central concern" in child custody cases is the best interest of the child and "the provisions of section 452.423 are intended to serve the child's best interest—and only that interest." *Id.* at 15. Therefore, a guardian *ad litem* is, appointed under 452.423.2 to protect the child's interest and is not meant to act as a "tie-breaker" between the parties just as section 452.423.2 is not designed "to provide grounds for disappointed parents to seek retrial." *Id.* at 18. Consequently, Rule 84.13(b) prohibits the "granting [of] a new trial unless the appellant clearly demonstrates both that the result of the trial court's failure to appoint a guardian was that the child's interest was not adequately protected at trial and that this resulted in the trial court imposing modifications that were not in the child's best interest." *Id.* at 15-16.

Here, Collins has failed to establish that the child's interests were not adequately protected in this case. She identifies no evidence that a guardian *ad litem* would have presented, or otherwise indicate any action that a guardian *ad litem* would have taken, to illustrate a deficiency in the representation of the child's interests during the trial. Furthermore, the resulting

---

4. Collins also complained that her car had been vandalized several weeks after her contact with the Kansas City Housing Authority, although she admitted that she had no proof that Abernathy was to blame.

judgment did not leave the child unprotected. Mindful of the challenges that had previously occurred in the relationship between Abernathy and Collins, the trial court developed a parenting plan that purposefully included a "breaking in period" that allowed for the length and frequency of the visits to increase over time and required Abernathy's initial parenting time to be supervised. *See Landwehr v. Landwehr*, 442 S.W.3d 139, 142 (Mo. App. E.D. 2014) (Granting of sole legal and physical custody to father with visitation rights to mother in light of mother's alcoholism and related behavior did not leave son "unprotected from future neglect but, on the contrary, sought to prevent that eventuality."). As in *Soehlke*, Collins's effort to "suggest[ ] that a guardian would have sided with her in opposing [Abernathy]'s motion and that the guardian somehow would have persuaded the trial court when [Collins] alone failed" is insufficient to establish that she is entitled to a new trial. *Soehlke*, 398 S.W.3d at 18.

## II. Failure to Make Statutorily Mandated Findings

We next consider Collin's third, fourth, and fifth points on appeal, which all allege errors with regard to the form of the judgment. At the conclusion of the trial, the court announced its ruling from the bench and requested that Abernathy's counsel prepare the judgment. The judgment, drafted by Abernathy's counsel and signed by the trial court, largely tracks the trial court's oral pronouncement from the bench, but several key findings required by statute were left unaddressed. In response, Collins filed a timely Motion to Alter or Amend the Judgment under Rule 78.07(c) noting each of these deficiencies.[5] Abernathy, for his own part, filed a re-

sponse to Collins's motion that conceded the deficiencies alleged in Collins's motion and raised in this appeal. Yet, despite both parties' agreement that the judgment failed to include these statutorily required findings, the record reflects no effort by either party to bring this post-trial motion to the trial court's attention prior to it being deemed overruled pursuant to Rule 78.06.

■■ The findings left unaddressed by the trial court's judgment, which form the basis of Collins's third, fourth, and fifth points on appeal, all relate to section 452.375. Each represents a finding that must be made by the trial court as part of a custody determination provided certain conditions are met. The failure to make any of the statutorily mandated findings in 452.375 requires reversal. *See Shields v. Epanty*, 503 S.W.3d 227 (Mo. App. W.D. 2016) (failure to comply with section 452.345.9 required reversal and remand); *Hall v. Hall*, 336 S.W.3d 188 (Mo. App. W.D. 2011) (failure to comply with sections 452.345.6 and 452.346.15 required reversal and remand); *Davis v. Schmidt*, 210 S.W.3d 494 (Mo. App. W.D. 2007) (same); *Huber ex rel. Boothe v. Huber*, 174 S.W.3d 712 (Mo. App. W.D. 2005) (failure to comply with section 452.345.6 required reversal and remand).

■■■ In her third point on appeal, Collins argues that the trial court erred in making its custody determination because it did not include written findings that demonstrated that its custody arrangement was in the best interest of the child as required by section 452.375.6 which states:

> If the parties have not agreed to a custodial arrangement . . . the court shall include a written finding in the judgment

---

**5.** These deficiencies are the same that Collins now raises on appeal and are thus preserved

for review. *Hall v. Hall*, 336 S.W.3d 188, 190 (Mo. App. W.D. 2011).

or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particular arrangement in the best interest of the child.

"The purpose for the statutory requirement to detail the factors is to allow for more meaningful appellate review." *Schmidt*, 210 S.W.3d at 503 (quoting *Huber*, 174 S.W.3d at 716). This section does not require the judgment include written findings on all of the factors, but the judgment must, at a minimum, discuss those that the trial court found relevant. *Speer v. Colon*, 155 S.W.3d 60, 62 (Mo. banc 2005); *Schmidt*, 210 S.W.3d at 503. The parties in the present case did not agree to a custodial arrangement; therefore, the trial court was required to make the written findings outlined in section 452.375.6. However, the judgment is silent with regard to both the public policy found in section 452.375.4 and the best interest of the child factors listed in section 452.375.2(1) to (8). Consequently, the trial court's judgment fails to comply with section 452.375.6.

 Similarly, Collins's fourth point on appeal is directed at the parenting plan set out in the judgment. A review of the trial court's parenting plan reveals a purpose to provide the structure and parameters for a "breaking in period" to allow the child to develop a relationship with her father over time. To that end, it sets forth a detailed parenting schedule with Abernathy receiving parenting time in increasing increments over the course of several months and Collins having custody at all other times. However, the plan contains little beyond this time schedule, placing it

in tension with section 452.375.9, which requires that "[a]ny judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 8 of section 452.310." This requirement serves "[t]o prevent repeated custody and visitation disputes" by providing a complete and comprehensive plan at the outset. *Shields v. Epanty*, 503 S.W.3d 227, 230 (Mo. App. W.D. 2016). Here, the judgment includes virtually none of the terms found in subsection 8 of section 452.310 such as educational decisions and methods of communicating information from the school to both parties; extracurricular activities, including a method for determining which activities the child will participate in when those activities involve time during which each party is the custodian; child care providers, including how such providers will be selected; or a dispute resolution procedure for those matters on which the parties disagree or in interpreting the parenting plan among others. Given the trial court's parenting plan was intended to allow a father-child relationship to develop through interactions of increasing frequency over a prolonged period of time, it is somewhat understandable that certain aspects of the plan might lack the detail found in a more traditional plan.[6] However, the brevity of the trial court's parenting plan when compared to the requirements of subsection 8 of section 452.310 mandates reversal.

 Finally, Collins's fifth point on appeal argues that the trial court's judgment fails to show how it will provide adequate protection for the child and any other victims of domestic violence given that the court found substantial evidence that do-

---

6. For example, while a parenting plan is normally required to cover the distribution of holidays between the custodial parties, in this case a detailed distribution is arguably unnecessary as Abernathy is clearly meant to have custody only during the limited time provided in the plan and no more thus indirectly resolving the distribution of holidays.

mestic violence had occurred in the relationship. The judgment specifically states "[t]hat the court finds that under Chapter 452.400 there is substantial evidence that there has been domestic violence but finds that the petitioner father should be in the child's life starting with a breaking-in period of time with supervised visitation with someone other than the respondent mother." However, section 452.375.15 requires that "[i]f the court finds that domestic violence or abuse as defined in section 455.010 has occurred, the court shall make specific findings of fact to show that the custody or visitation arrangement ordered by the court best protects the child and the parent or other family or household member who is the victim of domestic violence . . . from any further harm." The finding of substantial evidence that there had been domestic violence in the relationship required the trial court to include findings to confirm that its custody arrangement offers the best protection for both the child and the victim of the violence, which it did not do.

Because the trial court failed to make statutorily required findings pursuant to sections 452.375.6, 452.375.9, and 452.375.15 the case must be reversed and remanded to the trial court for entry of such findings. *See Shields v. Epanty*, 503 S.W.3d 227 (Mo. App. W.D. 2016) (failure to comply with section 452.345.9 required reversal and remand); *Hall v. Hall*, 336 S.W.3d 188 (Mo. App. W.D. 2011) (failure to comply with sections 452.345.6 and 452.346.15 required reversal and remand); *Davis v. Schmidt*, 210 S.W.3d 494 (Mo. App. W.D. 2007) (same); *Huber ex rel. Boothe v. Huber*, 174 S.W.3d 712 (Mo. App. W.D. 2005) (failure to comply with section 452.345.6 required reversal and remand).

### Sufficiency of the Evidence

Collins's second point on appeal argues that there is not substantial evidence to

support the judgment of joint legal custody; in that, the evidence does not demonstrate that Collins and Abernathy share a commonality of beliefs concerning parental decisions or the capacity to function as a parental unit. One of the factors included in the best interest analysis required by section 452.375.6 is "the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child." § 452.375.2(2). As previously stated, "[t]he purpose for the statutory requirement to detail the factors is to allow for more meaningful appellate review." *Schmidt*, 210 S.W.3d at 503 (quoting *Huber*, 174 S.W.3d at 716). Because the judgment failed to make any of the statutorily required findings, we are hindered in "[o]ur ability to review the judgment and consider the weight of the evidence." *Huber*, 174 S.W.3d at 717; *Hall*, 336 S.W.3d at 197. Consequently, we decline to address the issues raised in Collins's second point on appeal in the absence of written findings based upon the factors in section 452.375.2. *Hall*, 336 S.W.3d at 197; *Schmidt*, 210 S.W.3d at 506; *Huber*, 174 S.W.3d at 717.

### Conclusion

The judgment is reversed, and the cause is remanded to the trial court with instructions to make written findings as required by sections 452.375.6, 452.375.9, and 452.375.15, and to take such additional actions as it deems appropriate.

All concur.