

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| T.J.E., | ) | No. ED107697 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1122-FC03840-03 |
| | ) | |
| M.R.M., | ) | Honorable Theresa Counts Burke |
| | ) | |
| Respondent. | ) | Filed:  January 14, 2020 |

T.J.E. ("Father") appeals from the trial court's November 28, 2018 judgment, as amended by its judgment entered on March 11, 2019, granting in part and denying in part Father's motion to modify legal custody, physical custody, and child support filed against M.R.M. ("Mother"). Because the trial court failed to make statutorily-required findings, we reverse and remand.

## I.      BACKGROUND

This case involves a procedural posture consisting of:  an initial judgment of paternity, support, and custody entered in November 2012; two modification judgments entered in February 2014 and January 2017; and the modification judgment entered in November 2018 (which was subsequently amended in March 2019) that Father is appealing in the instant case.

**A.      The Initial Judgment of Paternity, Support, and Custody and the Two Subsequent Modification Judgments**

On November 5, 2012, Judge Michael K. Mullen of the Circuit Court of the City of St. Louis entered the initial judgment of paternity, support, and custody, which:  declared Father to be the natural father of E.A. ("Child"); awarded Father and Mother joint legal custody; awarded

Mother sole physical custody; awarded Father reasonable visitation; and ordered Father to pay Mother $200.00 per month in child support.

Subsequently, on February 7, 2014, Judge Thomas J. Frawley of the Circuit Court of the City of St. Louis ("Judge Frawley") entered the first modification judgment in this case, which: found Father and Mother shall retain joint legal custody; modified physical custody, awarding Father and Mother joint physical custody; and modified child support, ordering Father to pay Mother $400.00 per month in child support. Then, on January 18, 2017, Judge Frawley entered the second modification judgment in this case, which: modified legal custody, awarding Mother sole legal custody; modified the terms of the joint physical custody arrangement of the parties; and modified child support, ordering Father to pay Mother $396.00 per month in child support.

**B.     The Procedural Posture Relevant to the Modification Judgment Father is Appealing in this Case**

On January 29, 2018, Father filed a motion to modify legal custody, physical custody, and child support in the Circuit Court of the City of St. Louis. Father's motion alleged that since the January 2017 modification judgment was entered, there had been a substantial and continuing change in the circumstances of the parties and Child as to make certain provisions of the custody order unreasonable and as to warrant a modification of custody. Father ultimately requested the parties be awarded joint legal custody and joint physical custody, with a physical custody arrangement that would award Father equal parenting time including physical custody of Child for alternating weeks during the summer. Father also requested a reduction in his child support obligation.

Father then filed a request for findings of fact and conclusions of law, and a bench trial was conducted on Father's motion to modify on November 1, 2018 before Judge Theresa Counts Burke ("the trial court").

The trial court issued a modification judgment on November 28, 2018, which granted in part and denied in part Father's motion to modify. In this modification judgment, the court granted Father's request for a reduction in child support, decreasing his child support obligation from $396.00 per month to $315.00 per month.

The trial court's November 2018 modification judgment denied Father's motion to modify to the extent he requested an award of joint legal custody, and the court ordered Mother continue to be awarded sole legal custody subject to some new restrictions in the parenting plan. As to physical custody of Child, the court's November 2018 modification judgment granted in part and denied in part Father's motion to modify. Specifically, the trial court granted Father's request for additional physical custody of Child for alternating weeks during the summer (in addition to the periods of custody awarded in the January 2017 modification judgment), and the court denied Father's request for equal parenting time.[1]

Subsequently, Father and Mother each filed a timely post-trial motion. Father's motion to amend asserted that, *inter alia*, the trial court's November 2018 modification judgment failed to make sufficient findings required under section 452.375 RSMo 2016.[2] And Mother's motion to amend alleged that, *inter alia*, the trial court should adjust the child support order in the November 2018 modification judgment to include the cost of health insurance paid by Mother on behalf of Child.

On March 11, 2019, the trial court entered an amended judgment, which: denied Father's motion to amend; granted Mother's motion to amend to the extent she requested the court to

_____

[1] The trial court's November 2018 modification judgment contains some other general findings pertinent to the court's legal and physical custody determinations, which will be set out in relevant part below in Section III.B. of this opinion.

[2] Unless otherwise indicated, all statutory references to section 452.375 are to RSMo 2016 (effective from August 28, 2016 to August 27, 2018), because this is the version of the statute in effect at the time Father's motion to modify was filed in January 2018. *See Walsh v. Walsh*, 184 S.W.3d 156, 157 (Mo. App. E.D. 2006) (citing and referring to a former, substantially similar version of section 452.375 and holding that the version of statute in effect at the time a petition commencing an action regarding child custody is the applicable statute). To avoid unnecessary repetition and parentheticals, we also note at this juncture that case law discussing section 452.375 which is set out below in Section III. of this opinion cites and refers to former, substantially similar versions of the statute.

adjust the child support order to include the cost of health insurance paid by Mother on behalf of Child; and ordered Father to pay child support in the amount of $366.00 per month instead of the amount of $315.00 per month as previously ordered in the November 2018 modification judgment.

Father now appeals from the trial court's November 2018 modification judgment, as amended by its judgment entered in March 2019.

## II.    GENERAL STANDARD OF REVIEW

In a court-tried case, we review a trial court's judgment pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *T.S.I. v. A.L.(C.)B.*, 521 S.W.3d 317, 320 (Mo. App. E.D. 2017). Accordingly, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*.

## III.    DISCUSSION

In Father's first point on appeal, he argues the trial court's November 2018 modification judgment, as amended by its judgment entered in March 2019, is erroneous as a matter of law because it fails to make sufficient findings required under section 452.375.[3] For the reasons discussed below, we agree.[4]

---

[3] We note this claim is preserved for appeal because it was raised in Father's timely motion to amend the judgment under Missouri Supreme Court Rule 78.07(c) (2018). *See Abernathy v. Collins*, 524 S.W.3d 173, 180-82, 180 n.5 (Mo. App. W.D. 2017) (similarly holding with respect to a claim alleging a trial court's judgment contained insufficient statutorily-required findings under section 452.375); *cf. Cule v. Cule*, 457 S.W.3d 858, 862-63 (Mo. App. E.D. 2015) (holding a claim asserting a trial court's judgment contained insufficient statutorily-required findings under section 452.375 was *not preserved* when the claim was not raised in a motion to amend the judgment); *see also* Missouri Supreme Court Rule 78.07(c) (2018) (providing "allegations of error relating to the form or language of [a] judgment, including the failure to make statutorily[-]required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review").

[4] Father raises five additional points on appeal; however, because point one is dispositive, we do not reach those additional points. *See Jett v. Jett*, 468 S.W.3d 382, 382-83, 383 n.4 (Mo. App. S.D. 2015) (similarly finding where, as in this case, an appellant successfully argued the trial court's judgment failed to make sufficient findings required by section 452.375); *see also Schroeder v. Schroeder*, 486 S.W.3d 342, 343-45 (Mo. App. S.D. 2015).

**A.      Relevant Law**

Section 452.375.6 states:

If the parties have not agreed to a custodial arrangement, or the court determines such arrangement is not in the best interest of the child, the court *shall* include a written finding in the judgment or order based on the public policy in [section 452.375.4] and each of the factors listed in subdivisions (1) to (8) of [section 452.375.2] detailing the specific relevant factors that made a particular arrangement in the best interest of the child.  If a proposed custodial arrangement is rejected by the court, the court *shall* include a written finding in the judgment or order detailing the specific relevant factors resulting in the rejection of such arrangement.

(emphasis added).

In addition, the public policy in section 452.375.4 is as follows:

The general assembly finds and declares that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court *shall* determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child.

(emphasis added).

Finally, section 452.375.2 provides:

The court *shall* determine custody in accordance with the best interests of the child. When the parties have not reached an agreement on all issues related to custody, the court *shall* consider all relevant factors and enter written findings of fact and conclusions of law, including, but not limited to, the following:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

5

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence as defined in section 455.010 has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and any other child or children for whom the parent has custodial or visitation rights, and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian. The fact that a parent sends his or her child or children to a home school, as defined in section 167.031, shall not be the sole factor that a court considers in determining custody of such child or children.

(emphasis added).

In sum, section 452.375.6 requires the trial court to make written findings in its judgment detailing the specific best-interest factors the court considered in making a custody determination where, (1) the parties have not reached an agreement on all issues related to custody, including a sub-issue of custody such as the parenting-time allocation; or (2) the court rejects a proposed custodial arrangement. *See de Rubio v. Rubio Herrera*, 541 S.W.3d 564, 574 (Mo. App. W.D. 2017); *T.S.I.*, 521 S.W.3d at 322; *Francis v. Wieland*, 512 S.W.3d 71, 79 (Mo. App. W.D. 2017); section 452.375.6; *see also* section 452.375.4; section 452.375.2. The statutory requirement found in section 452.375.6 applies in cases where, *inter alia*, a parent is seeking to modify custody in a paternity proceeding. *See, e.g., Hightower v. Myers*, 304 S.W.3d 727, 729-31, 735 (Mo. banc 2010); *Francis*, 512 S.W.3d at 74-75, 79-80. The purpose of the statutory requirement found in section 452.375.6 is to allow for meaningful appellate review. *Abernathy v. Collins*, 524 S.W.3d 173, 180-81 (Mo. App. W.D. 2017).

6

"Missouri courts have repeatedly emphasized the importance of these written findings in a custody proceeding." *J.D. v. L.D.*, 478 S.W.3d 514, 517 (Mo. App. E.D. 2015) (referring to the written findings required under section 452.375.6) (quotations omitted). Moreover, although a trial court's consideration of the relevant best-interest-of-the child factors may sometimes be implied from the trial court's findings, an appellate court "cannot imply what is simply not there." *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 88-93 (Mo. App. W.D. 2006).

Accordingly, the public policy of frequent, continuing, and meaningful contact of the parents found in section 452.375.4 must always be included in the trial court's findings. *Sewell-Davis v. Franklin*, 174 S.W.3d 58, 60-61, 61 n.4 (Mo. App. W.D. 2005); *see also* section 452.375.6; section 452.375.4. The trial court's judgment must also, at a minimum, address in detail the statutory factors found in section 452.375.2 that are relevant to the court's custody determination. *Abernathy*, 524 S.W.3d at 180-81 (citing to, *inter alia*, *Speer v. Colon*, 155 S.W.3d 60, 62 (Mo. banc 2005)); *Dunkle v. Dunkle*, 158 S.W.3d 823, 833 (Mo. App. E.D. 2005); *see also* section 452.375.6; section 452.375.2. And most importantly, when a trial court's judgment is silent with respect to both the public policy found in section 452.375.4 and the relevant best-interest-of-the-child factors listed in section 452.375.2(1)-(8), the judgment fails to comply with section 452.375.6 and the case must be reversed and remanded to the trial court for entry of such findings. *Abernathy*, 524 S.W.3d at 181, 182; *see also* section 452.375.6; section 452.375.4; section 452.375.2.

## B.     Analysis

In this case, it is undisputed the statutory requirement found in section 452.375.6 applies to the trial court's judgment, because Father is seeking to modify custody in a case that began as a paternity proceeding, and because Father and Mother did not agree on all issues related to legal and physical custody (including the parenting-time allocation). *See Hightower*, 304 S.W.3d at 729-31, 735; *de Rubio*, 541 S.W.3d at 574; *T.S.I.*, 521 S.W.3d at 322; *Francis*, 512 S.W.3d at 74-

7

75, 79-80; section 452.375.6; *see also* section 452.375.4; section 452.375.2. We now turn to whether the modification judgment at issue in this appeal makes sufficient findings required under section 452.375.6.

Here, the trial court's November 2018 modification judgment, as amended by its judgment entered on March 11, 2019, contains the following general findings pertinent to the court's legal and physical custody determinations. First, the court found that although Father wanted the parties to co-homeschool Child,[5] "Father presented no evidence or plan which would support his contention that co-homeschooling would be effective or appropriate" and "Father's request to delay return of [Child] on weekdays is not in the best interest of [Child] and his education (proposed in [Father's] parenting plan)."

In addition, with respect to legal custody in particular, the modification judgment found in relevant part:

> It is in the best interest of [Child] that [Mother] have sole legal custody of [Child]. The parents cannot share joint legal custody because: Mother and Father have a long and continuing history of being unwilling and unable to communicate with each other. The cause of this inability to effectively communicate is both Mother and Father.

The trial court also explicitly rejected Father's claim that the parties could effectively exercise joint legal custody by communicating through Our Family Wizard, with the court finding "evidence of effective communication was not presented at trial" and "[t]o the contrary, the evidence at trial showed a lack of ability or willingness to communicate by both parties."

Finally, as to physical custody of Child, the trial court's modification judgment found that although "Father wishes to share equal parenting times[,] [ ] the [c]ourt finds [ ] equal parenting time is not in the best interest of [Child]."

_____

[5] Prior to the trial, Child was being homeschooled by Mother. As of the time of the trial, the parties agreed Child should be homeschooled. However, the parties' disagreed as to how Child should be homeschooled, with Mother wanting to continue to homeschool Child on her own and with Father wanting the parties to co-homeschool Child.

Notwithstanding the aforementioned general findings contained in the modification judgment at issue in this appeal, we hold the judgment does not provide this Court with sufficient information to permit meaningful appellate review and fails to make sufficient findings under section 452.375.6 because it is silent with regard to both the public policy found in section 452.375.4 and the relevant best-interest-of-the-child factors listed in section 452.375.2(1)-(8). *See Abernathy*, 524 S.W.3d at 180-81; *see also* section 452.375.6; section 452.375.4; section 452.375.2; *Speer*, 155 S.W.3d at 62; *Alberswerth*, 184 S.W.3d at 88-93; *Sewell-Davis*, 174 S.W.3d at 60-61, 61 n.4; *Dunkle*, 158 S.W.3d at 833. Under these circumstances, the case must be reversed and remanded to the trial court for entry of such findings. *See Abernathy*, 524 S.W.3d at 181, 182.[6] On remand, the trial court is instructed to make written findings in compliance with section 452.375.6 and to take whatever other action it deems appropriate. *See Abernathy*, 524 S.W.3d at 182 and *Sewell-Davis*, 174 S.W.3d at 67 (similarly holding). Point one is granted.

---

[6] *See also Schroeder*, 486 S.W.3d at 343-45 (reversing and remanding where, *as in this case*, "the trial court['s judgment] neither indicated [the court] had considered any of the statutory factors [found in section 452.375.2], nor entered any detailed finding relating to these statutory factors"); *Jett*, 468 S.W.3d at 382-83 (reversing and remanding where, *as in this case*, "the trial court's judgment [did] not detail and discuss the facts pertaining to the relevant statutory factors" found in section 452.375.2); *Fortner v. Fortner*, 166 S.W.3d 615, 621-22 (Mo. App. W.D. 2005) (reversing and remanding where the trial court's decision indirectly discussed just two of the eight best-interest-of-the-child factors found in section 452.375.2 and, *as in this case*, the decision did not reference section 452.375 and failed to discuss the public policy of frequent, continuing, and meaningful contact with the parents found in section 452.375.4); *cf. Francis*, 512 S.W.3d at 79-81 (finding the trial court's judgment "complied in every respect with section 452.375.6" when, *unlike in this case*, the judgment "set forth the statutory custody factors [listed in section 452.375.2] and analyzed the evidence in light of each factor at some length"); *Keel v. Keel*, 439 S.W.3d 866, 875-80 (Mo. App. E.D. 2014) (finding "[t]he trial court made sufficient findings with respect to . . . the relevant general best[-]interest factors contained in [s]ection 452.375.2" where, *unlike in this case*, the judgment, (1) "set out the eight factors listed in [the statute]"; (2) "specifically noted that the law required [the court] to consider them and that it did in fact consider them"; and (3) contained detailed factual findings as to the relevant factors); *Davidson v. Fisher*, 96 S.W.3d 160, 161-64 (Mo. App. W.D. 2003) (finding the trial court's judgment complied with section 452.375.6 where, *unlike in this case*, the judgment stated the court "consider[ed] the relevant factors set forth in [section] 452.375.2" and contained written findings as to the relevant factors).

## IV.   CONCLUSION

The trial court's November 2018 modification judgment, as amended by its judgment entered in March 2019, is reversed and remanded for proceedings in accordance with this opinion.

_____
ROBERT M. CLAYTON III, Presiding Judge

Robert G. Dowd, Jr., J., and
Roy L. Richter, J., concur.